WILLIAM L. G. PIERCE, administrator, vs. BOSTON FIVE
CENTS SAVINGS BANK.

Suffolk.    November 14. — 15, 1878.    COLT & MORTON, JJ., absent.

In an action at law, brought against a savings bank in the name of the administrator of a depositor, and stated in the declaration to be brought for the benefit of one claiming the deposit by gift of the intestate, such administrator cannot be made a defendant under the St. of 1876, c. 203, § 19.

CONTRACT to recover deposits amounting to $600, and $15 interest, in a savings bank.    The writ and declaration described the action as brought by William L. G. Pierce as administrator of the estate of William Green, Jr., for the benefit of Martin A. Munroe, to whom, as the declaration alleged, Green, " being then in his last illness, and aware that he might not recover, gave and delivered his pass book, evidencing the deposits in said bank, as an absolute gift, meaning and intending to assign and transfer his pass book to said Munroe, and to give him the absolute ownership and right of possession of said deposits and interest."

The bank, in its answer, admitted the deposits ; averred its readiness to pay the same and interest to whoever was legally entitled thereto, and its ignorance whether Pierce had been duly appointed administrator of Green's estate ; denied generally all the other allegations of the declaration, and especially those as to the title of Munroe ; and alleged " that the legal representatives of said Green's estate claim said deposits and interest as a part of the effects of said estate, and that no part thereof belongs to said Munroe, and the defendant has been notified not to pay said deposits or interest, or any part thereof, to said Munroe."

Upon the petition of the bank, the Superior Court ordered Pierce, as administrator of Green's estate, to be made a party defendant under the provisions of the St. of 1876, c. 203, § 19, relating to savings banks, which is copied in the margin ; * and

* " In all actions against any such corporation for money on deposit therewith, if it shall appear that the same fund is claimed by any other party than the plaintiff in such action, whether husband or wife of such plaintiff, or oth-

he thereupon filed an answer "as claimant for benefit of Green's estate," denying that Green gave the bank book and deposits to Munroe as a *donatio causâ mortis*, as set forth in the declaration, and alleging that, if the bank book was so given, the gift rendered Green's estate insolvent, and was void.

At the trial before *Colburn*, J., and a jury, the pass book was in evidence, on the outside of which was the direction, "If you lose this book, give immediate information to the treasurer;" and inside, among the printed by-laws of the bank, the following: "It shall be the duty of the treasurer to enter all deposits, and payments made to depositors, in the books of the bank, and a duplicate of such entry in the book of the depositor, which shall be his voucher and the evidence of the amount deposited." "No person shall receive any part of his principal or interest, without producing the original book."

It appeared that the pass book had not been assigned by Green; and that his estate, including the said deposit of $615, consisted of $1237.50, and the funeral and other expenses did not exceed $174, and the debts did not exceed $26, unless the alleged donee, Munroe, should be considered as a creditor. Munroe testified that he had a legal claim against Green's estate, of $876, for board furnished and some expenses paid for Green; that he had never made any claim for it, but had consulted his counsel about it. Pierce was appointed administrator of Green's estate January 26, 1877, and the trial of this cause in the Superior Court was commenced January 18, 1878.

---

erwise, the court in which such action is pending may, on the petition of such corporation and on such notice as it considers proper to the plaintiff and such claimants, order the proceedings to be amended by making such claimants parties defendant thereto; and thereupon the rights and interests of the several parties to the said action, in and to said funds, shall be heard and determined.

"The deposits which are the subject of said action may remain with such corporation until final judgment in the action, and shall be paid in accordance with the order of the court; or the said deposit may be paid into court to await final judgment in the action, and when so paid into court the corporation shall be stricken out as a party to such action and its liability for such deposit shall cease. The taxable costs of the corporation in the actions herein named shall in all cases be in the discretion of the court, and may be charged upon the fund affected by such action, but in no case to the bank."

The defendant and the claimant requested the presiding judge to order a verdict for them, for these reasons : " 1. That the delivery of the bank book to the plaintiff by the deceased in his last sickness, even if made when he did not expect to recover, and if intended by the deceased as a *donatio causâ mortis*, did not pass to the plaintiff any right to the deposit in the bank. 2. That it appearing from the testimony in the case that the only property left by the deceased, including the bank deposit, $615, amounted to $1237.50, and that the deceased, at the time of the alleged gift, owed the plaintiff $876, in addition to debts to other parties, and that the deceased was insolvent at the time of the alleged gift and of his death, the gift of the bank deposit, if good in other respects as *donatio causâ mortis*, is void, because made in fraud of creditors."

The judge declined so to rule ; and instructed the jury that the ownership of the deposit would pass by the gift of the book, if they found that the gift was made as alleged, and that Munroe's claim for board and expenses did not render the gift to him void, if made in due form. At the request of the defendant and the claimant, the judge further instructed the jury that they might take into consideration, as bearing on the probability of the gift having been made, the question whether the estate was or was not insolvent, and of Green's knowledge of its condition.

The jury returned a verdict for the plaintiff ; and to the above instructions and refusals to rule the defendant and the claimant alleged exceptions.

*C. F. Kittredge*, for the defendant and the claimant.

*F. Ames*, for the plaintiff.

GRAY, C. J. The right of action of a depositor against a savings bank is not negotiable at law, and an action against the bank to recover the amount of the deposit can only be brought in the name of the depositor, or, in case of his death, in the name of his administrator. Any one to whom the right has been transferred by a valid gift or assignment is entitled indeed to use the name of the depositor or of his administrator for the purpose of bringing an action against the bank. But the plaintiff and the only plaintiff of record is the person in whose name the action is and must be brought. *Foss* v. *Lowell Savings Bank*, 111 Mass. 285.

It is only "any other party than the plaintiff in such action," that the St. of 1876, *c.* 203, § 19, authorizes to be summoned in as a party defendant. It is inconsistent alike with the terms of this statute, and with the rules of the common law, to make the plaintiff himself a defendant also. *Winthrop* v. *Minot*, 9 Cush. 405. If the action had been actually brought by, as well as in the name of, the administrator, and Munroe, as a claimant of the fund, had been made a party defendant under the statute, this difficulty might have been avoided, and issue might have been joined and tried upon the question whether the title in the fund was in the administrator or in the claimant.

The proceedings contemplated by the St. of 1876 are analogous to those upon a trustee process, where a third person is admitted as a claimant, under an assignment or otherwise, of the fund in the hands of the supposed trustee, although the claimant's interest is merely equitable and he could not have maintained an action at law in his own name against the trustee. Gen. Sts. *c.* 142, § 15. *Dennis* v. *Twitchell*, 10 Met. 180. *Kingman* v. *Perkins*, 105 Mass. 111. But it was never heard of that the plaintiff of record in a trustee process should be admitted as a claimant to defeat the right of recovery in an action brought in his own name.

In the present case, the proceedings were unauthorized by law, and were wholly irregular. The plaintiff of record was improperly made a defendant, and there has been a mistrial. The issue tried was not between the administrator, the only legal plaintiff of record, and the bank, the only legal defendant of record; but between the plaintiff, as a defendant, and a third person, not a legal party to the record at all, as plaintiff.

*Verdict set aside, and notice to the plaintiff as claimant quashed.*