McWHIRTER and others *v.* HALSTED and others.

*(Circuit Court, D. New Jersey.* August 11, 1885.)

1. EQUITY PRACTICE—INTERPLEADER.
    An interpleader is properly applied for where two or more persons severally claim the same thing under different title, or in separate interests, from another person, who, not claiming any title or interest therein himself, and not knowing to which of the claimants he ought of right to render the debt, is either molested by an action brought against him, or fears that he may suffer injury from the conflicting claims of the parties.
2. SAME—INJUNCTION TO STAY PROCEEDINGS IN STATE COURT.
    Section 720, Rev. St., expressly prohibits a court of the United States from issuing the writ of injunction to stay proceedings in any court of a state, except where the injunction may be authorized by any law relating to proceedings in bankruptcy.

In Equity.

*E. L. Price,* for complainants.

*McCarter, Williamson & McCarter,* for defendants.

NIXON, J. The firm of Halsted, Haines & Co., carrying on business in the city of New York, and all the members of which are residents of the state of New York, became embarrassed in their

affairs, and on the twelfth of July, 1884, executed and delivered to one Lewis May a deed of assignment for the benefit of their creditors. The trust was accepted, and the said May duly qualified and entered upon the discharge of his duties as assignee. Among the list of assets of said firm appears a debt of $4,917.53, due and owing from the firm of McWhirter & Wilson, residing and doing business in Newark, in the state of New Jersey. On the same day of the execution of the deed of assignment, to-wit, July 12, 1884, Deering, Milliken & Co., a firm carrying on business in the city of New York, and composed of the following-named persons: William S. Johnson, residing at Orange, in the state of New Jersey; Seth M. Milliken and Ewen B. Gibbs, both residing in the city of New York, and William H. Milliken and Joseph E. Blabon, residents of the state of Maine,—caused a writ of foreign attachment to be issued out of the supreme court of the state of New Jersey, claiming to be creditors to a large amount of the said firm of Halsted, Haines & Co., directed to the sheriff of the county of Essex, and returnable August 6, 1884. By virtue of said writ the said sheriff has attached the debt of $4,917.53. On the third day of December, 1884, Lewis May, as assignee of Halsted, Haines & Co., commenced an action of trespass on the case, in this court, against the said McWhirter & Wilson to recover the said debt, which suit is still pending.

On the twenty-first of January, 1885, McWhirter & Wilson filed in this court their bill of interpleader, acknowledging their indebtedness to Halsted, Haines & Co., averring their readiness and willingness to pay the same to whomsoever should be determined to be the proper party, alleging that the said assignee claimed that he was entitled to the money by virtue of the deed of assignment from Halsted, Haines & Co., and the attaching creditors, Deering, Milliken & Co., claimed the amount of said debt by virtue of their writ of attachment. The bill contained other averments usual in bills of interpleader, and prayed that the defendants might be required to interplead here and settle their right to said sum of money; that they might have liberty to pay the money into the court; and that the said Lewis May, assignee, and the said Deering, Milliken & Co., might be respectively restrained and enjoined from further proceeding in their suits at law. A rule has been taken upon the bill for the defendants to show cause why provisional injunctions should not issue.

We have no difficulty about the question whether the admitted facts establish a case for a bill of interpleader. The best elementary writers say that an interpleader is properly applied where two or more persons severally claim the same thing under different title, or in separate interests, from another person, who, not claiming any title or interest therein himself, and not knowing to which of the claimants he ought of right to render the debt, is either molested by an action brought against him, or fears that he may suffer injury from the conflicting claims of the parties. Story, Eq. Jur. § 806. That seems to

be an accurate description of the condition of the complainants in the present case. They are not, indeed, in any imminent peril; but, acknowledging the debt, they have the right to be protected from all harassment and distracting liability, to the extent that the court has power to grant them relief. Nor is there any difficulty in granting an injunction against the plaintiff in the action at law in this court restraining him from further proceeding therein. He is under its control. But it is different in regard to an injunction against the parties to the attachment proceedings in the state court. They are there pursuing a remedy given by the law against the property of a non-resident debtor, and section 720, Rev. St., expressly prohibits a court of the United States from issuing the writ of injunction to stay proceedings in any court of a state except where the injunction may be authorized by any law relating to proceedings in bankruptcy.

However inconvenient it may prove to the complainants, I am constrained to decline to order an injunction against the plaintiffs in the attachment proceedings, in the face of the above statute.