## MALLERS v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES et al.

### No. 5844.

Circuit Court of Appeals, Seventh Circuit.
Dec. 18, 1936.

Frederick A. Brown and Leo M. Hirschtritt, both of Chicago, Ill. (G. Gale Roberson, of Chicago, Ill., of counsel), for appellant.

Homer H. Cooper, Wendell J. Brown, and Samuel O. Givens, Jr., all of Chicago, Ill., for appellee Equitable Life Assur. Soc. of the United States.

Harris F. Williams and Robert C. Baumgartner, both of Chicago, Ill., for appellees Sadie D. Eaton and Eva E. Coombs.

Adelor J. Petit, James C. Leaton, and Adelor J. Petit, Jr., all of Chicago, Ill.,

for appellee Mollie Eaton, personally and as executrix of Jennie Eaton Mallers' estate.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

This appeal is from an interlocutory decree sustaining a bill of interpleader and discharging appellee, Equitable Life (upon payment of $77,232.88 into court), from liability on certain policies of life insurance and enjoining the executor of insured and the legatees and executrix of deceased beneficiary from prosecuting any actions on the policies.

John B. Mallers, Jr., the insured under four life insurance policies of the face value of $25,000 each, died July 10, 1934. His executor is Charles E. Mallers, appellant. The insured's wife, Jennie Eaton Mallers, beneficiary, predeceased the insured, dying on June 25, 1933. Her executrix is Mollie Eaton, and her legatees under her will are Mollie Eaton, Eva Coombs and Sadie Eaton.

The four policies, which we shall designate by their last numbers—'105, '783, '106, and '784—were issued December 21, 1925, with Jennie Mallers as absolute beneficiary. All policies were in force at the time of her death. '106 and '105 had been issued as ordinary life policies, but had been changed in 1926 to absolute owner policies. Mrs. Maller's executrix executed an assignment in January, 1934, to the insured, of two of the four policies ('106 and '784). These assignments were recorded by the company. A few days later the company changed these policies at in-sured's request from absolute owner policies to ordinary life policies, with insured's executor as beneficiary.

Loans totaling $5,058.49 had been made against policies '105 and '783; and loans totaling $5,543.75 had been made against policies '784 and '106 by the insured, with the consent of the beneficiary. The net amount payable under the policies is $77,232.88.

The insurance company is a New York corporation. All the claimants are citizens of the state of Illinois.

The issue presented for this court's determination is the jurisdiction of the United States District Court to hear this interpleader suit brought by a foreign insurance company to be discharged from liability as to various contenders for insurance proceeds, all residents of the state of Illinois. A subsidiary contention is that interpleader is also improper because the insurance company has an independent obligation to one of the contenders (insured's executor) by virtue of a change of form of two of the policies.

A final hearing on the merits, if the decree be affirmed, will concern such issues as the power of the beneficiary's executrix to assign the policies to the insured, the factual questions of receipt of consideration which is denied by the instant pleadings, and the fact issue of who paid the premiums during the various phases of the life of the policies and under what conditions and circumstances.

The interpleader question turns upon the effect to be given to the passage of the Federal Interpleader Act,* which provides for the United States District Courts' ju-

---

* "That the district courts of the United States shall have original jurisdiction to entertain and determine suits in equity begun by bills of interpleader duly verified, filed by any casualty company, surety company, insurance company or association or fraternal or beneficial society, and averring that one or more persons who are bona fide claimants against such company, association, or society resides or reside within the territorial jurisdiction of said court; that such company, association, or society has in its custody or possession money or property of the value of $500 or more, or has issued a bond or a policy of insurance or certificate of membership providing for the payment of $500 or more to the obligee or obligees in such bond or as insurance, indemnity, or benefits to a beneficiary, beneficiaries, or the heirs, next of kin, legal representatives, or assignee of the person insured or member; that two or more adverse claimants, citizens of different States, are claiming to be entitled to such money or property or the penalty of such bond, or to such insurance, indemnity, or benefits; that such company, association, or society has deposited such money or property or has paid the amount of such bond or policy into the registry of the court, there to abide the judgment of the court." Act May 8, 1926, c. 273, §§ 1-3, 44 Stat. 416, 417. (This Act was amended by Act of Jan. 20, 1936, c. 13, Sec. 1, 49 Stat. 1096 (28 U.S.C.A. § 41(26). It is to be noted the 1936 amendment provides that the conflicting claimants' title need not have a common origin but may be adverse and independent of each other.)

risdiction in matters of interpleader in insurance cases. This statute provides, inter alia, that jurisdiction to hear such bills rests upon their averring that *"two or more adverse claimants, citizens of different States, are claiming to be entitled to such money or property."*

Appellee insurance company (and the other appellees) concedes that jurisdiction to entertain the instant suit cannot be based upon the above-quoted interpleader statute which expressly declares diversity of citizenship of claimants to be a prerequisite to jurisdiction. Its position is grounded upon the assertion that the ancient remedy of interpleader available before the interpleader statute is still efficacious (under 28 U.S.C.A. § 41 (1)), not having been abrogated by the above-cited statute.

■ It must be admitted that there is force in appellant's contention that the interpleader statutes are in pari materia and that as to them the maxim generalia specialibus non derogant may be appropriately invoked. All rules of construction relative in their importance, however, are helpful only in ascertaining legislative intent. To be helpful as a guide the two statutes in pari materia must conflict, overlap or disclose ambiguity. We must not overlook the fact that we are here dealing with remedial statutes, and we should therefore hold, if possible, that one supplements rather than supplants the other. The new legislation filled a need not met by the older act. We are therefore convinced that the views which express the Congressional intention should be adopted.** In fact we cannot understand the purpose of the later legislation, if it merely limited and curtailed existing remedies.

■ Appellant argues that it was never intended that an interpleader suit should become the instrumentality whereby residents of the same state might be forced to litigate their civil controversies in the Federal court. This criticism is on the assumption that the insurance company is not a real party to the litigation. But such assumption is unfounded. It is true, the insurance company concedes a liability for the full amount due upon its contracts. It does not, however, concede liability to each of the defendants for the full amount.

Appellant asserts a liability on the part of the insurance company to him of the entire sum of $77,232.88. Likewise, coappellees claim a liability on the part of the insurance company to them for a like sum. Inasmuch as it seeks to avoid a double liability, the insurance company is a real party in interest.

Like many another law suit, when the pleadings are settled and the trial is over, some of the controverted issues cease to be controverted. So here, the mere fact that the court will ultimately limit the insurance company's liability in this interpleader suit to $77,232.88 does not change the fact that until this question is settled, the company is subject to claims and to litigation for a sum aggregating $154,465.76. As a real adverse party to the beneficiaries named in the policies and to those who assert that they are beneficiaries, the insurance company is permitted to bring this suit in the Federal court upon a showing that its domicile is New York, and the domicile of all the claimants is Illinois.

■ Subsequent disposition of some of the issues by the court before judgment cannot oust the Federal court of jurisdiction any more than a change of residence of one or more of the parties after suit is begun in the Federal court may accomplish such a result.

■■ Appellant has urged us to dispose finally of that part of the litigation which is represented by two of the insurance policies. He asserts, as to two policies, at least, there can be no legitimate dispute or controversy between him and the other beneficiary claimants. While we know not what the proof may be, the pleadings contain allegations to the effect that the assignments under which the appellant claims, were not absolute but at most merely secured premiums that may have been advanced by him. It is elementary that assignments may be absolute on their face, but in legal effect only mortgages or security for loans or for moneys advanced, or they may be instruments to create or effectuate trusts. It is those, and perhaps other, issues which must be litigated somewhere before it is known who should receive this insurance. The institution of this interpleader suit by the insurance company has made the Federal District Court the forum wherein the

---

** Klaber v. Maryland Cas. Co. (C.C.A.) 69 F.(2d) 934; Mutual Life Ins. Co. of N. Y. v. Bondurant et al. (C.C.A.) 27 F.(2d) 464.

236

controversies must be determined. The District Court must determine the issues which go to the merits of the claims of the contending parties.

The decree is affirmed.