PAULINE GEORGEOPOULOS *vs.* VASILIKI GEORGEOPOULOS,
ANTHONY GEORGEOPOULOS, claimant.

Essex.    April 6, 1939. — May 24, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Trustee Process. Practice, Civil,* Requests, rulings, and instructions.

An equitable claim of a husband to funds earned solely by him, not
given to his wife but deposited in a savings bank in her name for his
convenience, properly was allowed under G. L. (Ter. Ed.) c. 246,
§ 33, in an action in trustee process by a third party against her in
which the bank was summoned as trustee and the husband was a
claimant.
No error appeared where a judge sitting without jury merely indorsed
on requests for rulings, "ordered filed," and the record showed that
it would have been proper to deny them specifically.

WRIT IN TRUSTEE PROCESS in the District Court of
Southern Essex dated September 19, 1935.

On removal to the Superior Court, after a verdict for
the plaintiff, a claim to trusteed funds was filed by Anthony
Georgeopoulos, was heard by *Burns*, J., and was allowed.
The plaintiff alleged exceptions.

*A. B. Cohen,* (*N. A. Loumos* with him,) for the plaintiff.
*R. L. Sisk,* for the claimant.

COX, J.    In this action of tort the Ipswich Savings Bank,
summoned as trustee, answered that it had in its hands
and possession a sum of money "in the name of Bessie
Georgeplous, but is uncertain whether or not said account
belongs to the principal defendant in these proceedings,
and prays that the court may determine its liability thereon."
The defendant named in the writ is Vasiliki, alias Bessie A.
Georgeopoulos, alias Georgeopolous.    It appears that the
defendant is the Bessie Georgeplous in whose name the
deposit in the Ipswich Savings Bank stands, and that she is
the wife of Anthony Georgeopoulous, who, after a jury had
found for the plaintiff, but before judgment, appeared as
an adverse claimant alleging that he is the legal and equi-

table owner of the fund in the possession of the trustee, and asked that the fund be adjudged as belonging to him. The claimant's allegations were tried by the judge upon oral testimony. G. L. (Ter. Ed.) c. 246, § 33. There was evidence that the entire amount in question on deposit in the trustee bank came from the earnings of the claimant; that he always retained possession of the bank book except when withdrawals were to be made; that he never gave or intended to give this money to his wife, but that it was deposited in her name for his convenience because of his work and because he could not read or write. The defendant testified that she had never been gainfully employed since she arrived in this country; that the only source from which she received the money on deposit was from her husband; and that she made no claim to the funds. There was testimony in behalf of the plaintiff that the defendant had worked in a mill; that the defendant's sons turned over their earnings to her; and that at one time the defendant told the plaintiff that the bank book was in her name and that it was her money. The judge found that all the funds now in the possession of the trustee bank were derived from the earnings of the claimant; that the defendant had no legal title to the funds before depositing them in the bank; that the money represented by the deposit was not given by the claimant to the defendant; that she received the funds as agent for, and trustee of, the claimant, and deposited the same in her name for convenience; and that no title to the deposit was in her or intended to be. The judge "ordered and adjudged" that the deposit represents funds belonging to the claimant, and ordered the trustee bank to pay them all to him · less its costs. The plaintiff seasonably presented eleven requests for rulings, which the judge did not deal with other than to indorse on the back of the requests "Ordered Filed." The plaintiff excepted to the failure of the judge to rule as requested.

We are of the opinion that there was no error. G. L. (Ter. Ed.) c. 246, § 33, provides, in substance, "If a person claiming, by assignment from the defendant or other-

wise, goods, effects or credits in the hands of a supposed trustee enters an appearance, he shall be admitted as a party in order to determine his title to such goods, effects or credits, and may allege and prove any facts which have not been stated or denied by the supposed trustee . . . ." Such a claimant may assert either legal or equitable rights to the goods, effects or credits in the hands and possession of the trustee, and if the claimant is in fact the true owner of the entire fund, he may recover it. *Levin* v. *Lerner*, 290 Mass. 294, 298, and cases cited. See *Moore* v. *Mansfield*, 248 Mass. 210; *Moreau* v. *Moreau*, 250 Mass. 110; *Gibbons* v. *Gibbons*, 296 Mass. 89; *Novick* v. *Novick*, 299 Mass. 15. Such a claimant may be admitted in such a proceeding although his interest is merely equitable, and although he could not have maintained an action at law in his own name against the trustee. *Pierce* v. *Boston Five Cents Savings Bank*, 125 Mass. 593, 596.

The specific findings that the funds in the possession of the trustee were derived from the earnings of the claimant, that they were not given to the defendant, and that she had no title to them, rendered it unnecessary for the judge to deal with requests numbered 1 and 2, to the effect that there must be a definite and specific *res* in order to establish a trust and that a trust cannot be established against the proceeds of a trust fund unless they can be traced into the specific fund or property. These findings also rendered it unnecessary for the judge to give requests numbered 3, 4, 5 and 6, which are posited upon the impossibility of tracing individual funds where trust money has become mixed with other funds or where the owner of a trust fund is seeking to follow it in the general assets of another. Request numbered 7 raised a question as to the sufficiency of the evidence and its denial was not error. These findings also rendered inapplicable requests numbered 8, 9 and 11 as to the rights of a married woman in her earnings, the rights of a father of a minor child to the earnings of the child, and any presumption where money is given to a wife by her husband. At the argument in this court the plaintiff conceded that request numbered 10 need not have been given.

It is true that, if a trial judge fails to rule on requests seasonably presented in an action at law, the requests must be considered as having been denied. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8. But, as was said in that case at page 18, "When a request is presented such as in a jury trial ought to have been given, an exception to a refusal to grant it by a judge sitting without a jury must be sustained, unless the ground of refusal is distinctly stated or plainly appears in some way on the record and is such as to show that no harm has been done by the refusal, or unless it is obvious on the whole that no rights of parties have been endangered." From what has been said we think that the grounds for refusal of the plaintiff's requests sufficiently appear.

*Exceptions overruled.*