## AGRICULTURAL INS. CO. et al. v. THE LIDO OF WORCESTER, Inc., et al.

### No. 4343.

District Court, D. Massachusetts.

Dec. 6, 1945.

800

Chas. W. Proctor and Proctor & Killeen, all of Worcester, Mass., for plaintiff.

John M. Hart, of Worcester, Mass., for defendants.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., for the United States.

HEALEY, District Judge.

Plaintiffs are 14 insurance companies who allege that they hold in their hands various sums of money totalling $10,202.58, which represent agreed adjusted amounts payable by them to The Lido of Worcester, Inc., hereinafter referred to as The Lido, a Massachusetts corporation, to cover the loss by fire of certain property sustained by The Lido.

The bill alleges that subsequent to the agreements between the respective plaintiffs and The Lido as to the amounts due under the several policies of insurance, the defendant Smith, a citizen and resident of Boston, Mass., brought an action by trustee process in the Superior Court of Worcester County causing the funds in the hands of the plaintiffs to be attached in the sum of $7,333.30, which sum Smith claims The Lido owes him for rent. The Lido disputes the amount of this claim.

It is also alleged that the Commissioner of Internal Revenue, acting through Denis W. Delaney, its Collector of Internal Revenue for the District of Massachusetts, caused to be recorded on September 7, 1944, in the Registry of Deeds of the Worcester District, a notice that there was due from The Lido a cabaret tax in the sum of $13,-

869.24; that notice of this tax lien has been made by the Collector of Internal Revenue claiming the amount of $13,869.24 from the insurance fund as a lien in favor of the United States upon property and rights to property belonging to The Lido. The Lido is contesting the validity of a part or the whole of this tax.

The plaintiffs, paying the total of $10,202.58 into the registry of this court, bring this bill of interpleader under 28 U.S.C.A. § 41(26), naming as defendants, The Lido, a corporation organized under the laws of Massachusetts, Smith, a citizen and resident of Boston, Mass., and James D. Nunan, Jr., Commissioner of Internal Revenue for the United States Government, whom the plaintiffs allege has his residence and place of business as such commissioner at Washington, in the District of Columbia.

The bill concludes with the prayers that:

1. The court determine the rights to said fund of the several defendants.

2. That pending the determination of this bill:

a. The defendant Smith be enjoined from the further prosecution of all claims against the plaintiffs and from all proceedings to have them or any of them adjudicated to be trustees of the fund.

b. That the defendant Nunan be enjoined from seeking to reach and apply any funds, goods, effects or credits, that the plaintiffs or any or each of them may have due to The Lido, to the payment of any cabaret tax or any other claim he may have or allege against The Lido.

c. That the defendant Lido be enjoined from prosecuting any action or right of action which it may have against the plaintiffs or any or each of them for the collection of any funds alleged to be due it arising out of the fire occurring on March 1, 1945.

3. That the plaintiffs be allowed suitable and adequate costs and attorneys' fees.

The defendant Lido filed an answer admitting that the amounts set forth in the complaint as the agreed adjusted loss due on the policies of insurance were correct; that it disputes the claim of Smith, and denies that any sum is due to the Internal Revenue Department. This defendant prays that the bill be dismissed and that it be allowed suitable and adequate costs and attorney's fees and for such other and further relief as the court may find just and proper.

The United States Attorney in and for the District of Massachusetts, appeared specially in behalf of the defendant Nunan, and presented a motion that the plaintiffs' bill be dismissed for lack of jurisdiction of the court over the person of Nunan whom the complaint described as a resident of Washington, in the District of Columbia.

Under the present interpleader statute, 28 U.S.C.A. § 41(26), the United States District Courts are given jurisdiction of suits in equity begun by bills of interpleader or bills in the nature of bills of interpleader, filed by any person, firm, etc., having in its custody or possession money or property of the value of $500, or having issued a policy of insurance,—or being under any obligation, written or unwritten, to the amount of $500 or more if:

(a) (i) "Two or more adverse claimants, citizens of different States, are claiming to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any * * * policy, or other instrument, or arising by virtue of any such obligation."

(b) "Such a suit may be brought in the district court of the district in which one or more of such claimants resides or reside."
and

(c) "Notwithstanding any provision of Part I of this title to the contrary, said court shall have power to issue its process for all such claimants and to issue an order of injunction against each of them."

██ Under this statute, 28 U.S.C.A. § 41(26), the jurisdictional requirements set up for interpleader cases coming within its scope differ from those set up in 28 U.S.C.A. § 41(1) for the usual cases coming under the jurisdiction of the federal District Courts based on diversity of citizenship or presenting a federal question to be decided. The power of the court is also enlarged.

Thus, the jurisdictional amount for cases encompassed by this statute is $500 and not $3,000. There must be adverse claimants who are citizens of different states. Diversity only between the claimants is necessary. Process may run at least throughout all the states. The court is authorized to enjoin parties to the interpleader from further prosecution of any suit in any state or United States court on account of the property involved, despite the provision of Sec. 265 of the Judicial Code, 28

U.S.C.A. § 379. Treinies v. Sunshing Mining Co, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85.

██ In the present case, the adverse claimant Smith is a citizen of Massachusetts, The Lido is presumed to be composed of citizens of Massachusetts for purposes of jurisdiction, and the defendant Nunan is a resident of the District of Columbia. Assuming that cocitizenship of some of the adverse parties will not defeat the jurisdiction of this court provided at least one of the adverse claimants is a citizen of another state, Cramer v. Phoenix Mutual Life Ins. Co., 8 Cir., 91 F.2d 141, this bill cannot be maintained under the statute 28 U.S.C.A. § 41(26) unless Nunan, the third adverse claimant, is alleged to be a citizen of a state other than Massachusetts. Such is not alleged in the complaint and it has long been held that a resident of the District of Columbia is not a citizen of a state. Mutual Life Insurance Co. of New York v. Lott, D.C.Cal., 275 F. 365. This court then has no jurisdiction of this bill under the interpleader statute.

██ The argument of the plaintiffs in their brief that, in fact, this is a suit against the United States, is of no avail to them in this respect, since the United States cannot be said to be a citizen of a state other than Massachusetts.

The cases of Hunter v. Federal Life Ins. Co., 8 Cir., 111 F.2d 551, and Mallers v. Equitable Life Insurance Society, 7 Cir., 87 F.2d 233, cited in plaintiffs' brief to substantiate their argument that it is enough that the citizenship of the plaintiff differs from the citizenship of some or all of the claimants, are not applicable. In the Hunter case, the bill was not a bill brought under the interpleader statute, but a bill brought under 28 U.S.C.A. § 41(1). In the Mallers case, the bill was not a bill of strict interpleader as in the present instance, but rather a bill in the nature of interpleader wherein the plaintiff insurance company had a claim adverse to the defendant adverse claimants.

██ It has been held that a bill, although not cognizable as a statutory bill of interpleader, may be sustained as a bill of interpleader within the equity jurisdiction of the court as it existed prior to the passage of the interpleader act provided that the jurisdictional requirements set up in 28 U.S.C.A. § 41(1) are satisfied. Klaber v. Maryland Casualty Co., 8 Cir.,

802

69 F.2d 934, 106 A.L.R. 617. See, also, "Federal Interpleader" Chafee 45 Yale L. J. 1161. Mallers v. Equitable Life Assurance Society, 7 Cir., 87 F.2d 233. Security Trust & Savings Bank v. Walsh, 9 Cir., 91 F.2d 481.

■ In considering whether this court should entertain this bill under the provisions of 28 U.S.C.A. § 41(1), the court is constrained to determine whether the provisions of Section 265 of the Judicial Code, 28 U.S.C.A. § 379, prohibit the granting of the relief prayed for. This Section provides, "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." The prohibitory provisions of this statute and exceptions to it have been exhaustively treated by the United States Supreme Court in Toucey v. New York Life Insurance Co, 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967, Smith v. Apple, 264 U.S. 274, 44 S. Ct. 311, 68 L.Ed. 678, and Hill v. Martin, 296 U.S. 393, 56 S.Ct. 278, 80 L.Ed. 293.

■ On the authority of these cases, it is my opinion in view of the fact that the defendant Smith has instituted an action in the Superior Court of Massachusetts, and has trusteed funds in the hands of the plaintiffs, that this court should not enjoin his prosecution of that suit in the state court which was begun before the plaintiffs filed their bill of interpleader in this court. See McWhirter v. Halsted, C.C.N.J., 24 F. 828.

The state court, therefore, will retain unimpeded jurisdiction over at least one of the claims and any judgment therein will seriously affect the rights of the parties sought to be joined in this bill. This court would thereby be frustrated in accomplishing the object of this suit which is to render a complete and equitable adjudication of all the claims and thereby relieve plaintiffs of any further litigation.

Furthermore, it is my opinion that in the suit pending in the state court, all parties joined in the instant bill may be impleaded in that suit under the state law, and the state court having jurisdiction may fully determine the rights of the parties. See Wilde v. Mahaney, 183 Mass. 455, 67 N.E. 337, 62 L.R.A. 813; Georgeopoulos v. Georgeopoulos, 303 Mass. 231, 21 N.E.2d 267, 28 U.S.C.A. § 901.

The complaint is dismissed without prejudice and without costs.

The motions for costs and attorneys' fees are denied.

The funds deposited in the registry of the court are released to the respective plaintiffs.