**BLACKMAR v. MACKAY et al.**

District Court, S. D. New York.
March 25, 1946.

Jackson, Nash, Brophy, Barringer & Brooks, of New York City (Stephen P. Nash and John G. Jackson, both of New York City, of counsel), for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn, of New York City (Anna Case Mackay, Joseph M. Proskauer, Norman S. Goetz, and Eugene Eisenmann, all of New York City, of counsel), for defendant.

Herman Goldman, of New York City, for John William Mackay, individually, Irving Zion, guardian ad litem for John William Michael Mackay, Mary Rose Mackay, Mary Ellin Berlin, Linda Louise Berlin and Elizabeth Berlin.

Rathbone, Perry, Kelley & Drye, of New York City (Arthur W. Siegrist, of New York City, of counsel), for defendant Central Hanover Bank and Trust Company, as ancillary administrator c.t.a.d.b.n. of John W. Mackay, deceased.

Davis, Polk, Wardwell, Sunderland & Kiendl, of New York City (John C. Hover, Walter D. Fletcher, and John H. Donlan, all of New York City, of counsel), Executors of the estate of Clarence H. Mackay.

Cadwalader, Wickersham & Taft, of New York City (George F. Butterworth and E. A. Niles, both of New York City, of counsel), for Ellin M. Berlin.

50

Finch & Schaefler, of New York City (Charles M. Arak and John O. Wingrave, both of New York City, of counsel), for defendant Katherine Mackay Hawkins.

Malcolm H. Frost, of New York City, guardian ad litem of children of Katherine M. Hawkins.

CONGER, District Judge.

These are motions to dismiss two bills of interpleader upon various grounds.

Plaintiff, as surviving trustee of two inter vivos trusts, created by the late John W. Mackay in 1898 (hereinafter referred to as the Telfener and Colonna Trusts), instituted these actions pursuant to the Federal Interpleader Act of 1936, 28 U.S. C.A. § 41, subd. (26) to determine the ownership of the corpus of each of the two trusts because of conflicting judgments in the courts of the States of New York and Nevada and pending actions in the States of New York, New Jersey and Nevada.

The controversies arise over the construction of a clause which is identical in each trust agreement.

In accounting actions instituted in the Supreme Court of the State of New York in connection with the settlement of the accounts of the late Clarence H. Mackay, who had been one of the trustees of each trust, final judgments were entered settling the accounts and expressly construing the disputed clause as creating a reversion in the settlor and not a remainder.

This interpretation was adverse to the interests of the children of Clarence H. Mackay, namely Ellin M. Berlin, John William Mackay, and Katherine M. Hawkins, who would have been more favored had the clause been construed as having created an interest in the nature of a remainder. Ellin M. Berlin sought to intervene in both accounting actions but her motions were denied on the holdings as stated above. John William Mackay and Katherine M. Hawkins were made parties to the Colonna accounting, Mrs. Hawkins being served with process in Nevada, but she failed to appear, and final judgment was entered against her in accordance with the construction mentioned. The action is still pending against John William Mackay.

Thereafter, Katherine M. Hawkins procured her own appointment in the State of Nevada as administratrix c.t.a.d.b.n. of John W. Mackay and as such administratrix, instituted a suit in the State against herself individually, and other parties, all nonresidents of Nevada, to establish the rights of the grantor, John W. Mackay, to the portion of the Colonna Trust which had fallen in by reason of the death of one of the secondary life beneficiaries.

However, in her individual capacity, she filed a cross-claim asserting her right as remainderman to a share of the corpus, and obtained a judgment against herself as administratrix and in favor of herself individually adjudging her right to a one-third remainder interest in the corpus of the trust.

She then brought suit on this judgment in the United States District Court in New Jersey against Milton W. Blackmar, the trustee of the Colonna Trust, praying that the Nevada judgment be given full faith and credit and requesting an accounting, a receiver and an injunction with respect to her interests. This suit is still pending and undetermined.

In April, 1945, Katherine M. Hawkins commenced another action in Nevada similar to the previous suit praying a construction of both the Telfener and Colonna Trusts. This action too is pending and undetermined.

■ From the foregoing recitation of facts, it is obvious that this is the type of situation for which interpleader was intended. The trustee is faced with conflicting constructions of the same trusts in two States and litigation pending in three. Common sense dictates that the claims be litigated and disposed of once and for all so that the trustee may safely settle his affairs.

However, the merits of the controversy can have little bearing in defense of the specific attacks made on the bills at this time by Mrs. Hawkins.

Her main objection involves the jurisdiction of this court to entertain the actions, her contention being that the necessary diversity of citizenship does not exist.

The Interpleader Act of 1936 provides in substance that the District Courts shall have jurisdiction of suits in equity begun by bills of interpleader or bills in the nature of bills of interpleader instituted by any person, firm, corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more where "Two or more adverse claimants, citizens of different States, are claiming to be entitled to such money

or property * * *", if the complainant has deposited such money or property in court or has given bond. Process runs to any part of the country.

The principal issue with respect to the Act is whether there must be complete diversity of citizenship between the adverse claimants where there are more than two.

The adverse claimants here are three children of the late Clarence H. Mackay, two of whom are citizens of New York and one of whom is a citizen of Nevada on one side and the Central Hanover Bank & Trust Company, as ancillary administrator c.t.a.d.b.n. of John W. Mackay, a citizen of New York, on the other. There are thus citizens of New York on both sides of the controversy.

█ Of course, it has long been settled in cases construing the expression, "between citizens of different States", as contained in the section defining the jurisdiction of the District Courts (28 U.S.C.A. § 41, subd. (1) (b) for example) that every necessary party on one side of the controversy must have citizenship diverse from every necessary party on the other side (Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435; Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47), but these authorities cannot be completely controlling in suits under the Interpleader Act for the reason that the citizenship of the plaintiff-stakeholder is immaterial (except that the problem might be important in connection with bills in the nature of bills of interpleader, although the question is not presented here because the plaintiff's citizenship is different from all the other parties to the suit). Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85; Cramer v. Phoenix Mutual Life Ins. Co., 8 Cir., 91 F.2d 141, certiorari denied 302 U.S. 739, 58 S.Ct. 141, 82 L.Ed. 571; but cf. cases cited in footnote 17 on page 73 of 308 U.S., on page 48 of 60 S.Ct. in Treinies opinion.

█ It has been held many times expressly and by implication that jurisdiction in interpleader suits exists even if there is not complete diversity between the adverse claimants (See for instance Cramer v. Phoenix, supra; Dugas v. American Surety Co., 300 U.S. 414, 415, 57 S.Ct. 515, 81 L.Ed. 720; Railway Express Agency, Inc., v. Jones, 7 Cir., 106 F.2d 341), but the Supreme Court has not as yet specifically

considered the point. Professor Chafee, the draftsman of the 1936 Act, approves of such interpretation for in an article written immediately after the adoption of the 1936 Act in 45 Yale L.J. at page 975 he stated: "jurisdiction exists if the statute can be construed to require only that two adverse claimants must be citizens of different states. Such an interpretation conforms to the general purpose of the 1936 Act, that the United States courts should be given power to settle all interpleader cases that cannot be handled by the state courts. This view is supported by five cases under the 1917 and 1926 Acts, which granted interpleaders where some antagonistic claimants were apparently co-citizens. The liberal attitude adopted by the courts in giving relief under former interpleader acts may be adopted as well toward the Act of 1936."

█ It is suggested that such a view is an extension of the jurisdiction of the Federal courts as limited by the constitutional grant (Section 2, Article III of the Constitution), but Professor Chafee points out in a later article in 49 Yale L.J. at 395 that cases under the Judiciary Act (like Strawbridge v. Curtiss, supra, and Indianapolis v. Chase National Bank, supra) "merely held that Congress had not as yet permitted Federal suits where there was partial co-citizenship. They did not hold that Congress could not constitutionally permit such suits if it wished, for example, by the interpleader acts."

█ I believe that these authorities express the proper viewpoint and are in accord with the liberal approach to problems under the Act. Cf. Publicity Building Realty Corporation et al. v. Hannegan, 8 Cir., 139 F.2d 583, and Metropolitan Life Ins. Co. v. Segaritis, D.C., 20 F.Supp. 739. I hold that this court has jurisdiction.

Mrs. Hawkins' other objections have little merit.

█ The Act does not require a lack of interest in the stakeholder in order for him to maintain the suits. I fail to see where he has an interest, but if he has, the Act authorizes such a suit, for bills in the nature of bills of interpleader are distinguished from pure bills only by the fact of an interest in the stakeholder.

█ The contention that the same relief requested in these bills could be had in the prior New Jersey actions by cross-claim or counterclaim pursuant to Federal

Rules of Civil Procedure, rule 22, 28 U.S.C.A. following section 723c, is answered by the fact that process under that Rule is no more extensive than in the ordinary action. See Committee Note to Rule 22 and § 22.03 of Moore's Federal Practice.

Finally, Mrs. Hawkins' objection to the bill in connection with the Telfener Trust—that it is premature because the secondary life beneficiaries are still alive—is untenable in view of her Nevada suit in relation to it.

The motions are denied and the injunctions are continued.