FIREMAN'S FUND INS. CO. v. IRWIN
et al.

Civ. A. No. 3321.

United States District Court
N. D. Georgia, Atlanta Division.

Dec. 20, 1948.

Smith, Partridge, Field & Doremus, of Atlanta, Ga., for plaintiff.

Lokey & Bowden, and Grant, Wiggins, Grizzard & Smith, all of Atlanta, Ga., for defendant Mrs. Annie Lee Irwin.

B. D. Murphy, of Atlanta, Ga., for defendants William F. Buchanan and Alvin B. Cates, as receivers for Mrs. Annie Lee Irwin and Arlington Corporation.

William G. Grant and James F. Cox, both of Atlanta, Ga., for defendant Arlington Corporation.

Carl B. Copeland and Spalding, Sibley, Troutman & Kelly, all of Atlanta, Ga., for defendant Life & Casualty Ins., Co., of Tennessee, Inc.

Golenbock & Komoroff, of New York City, and Haas & Hurt and Geo. A. Haas, all of Atlanta, Ga., for defendant John Osmond Godbout, as General Guardian of Betty Claire Irwin, and as Administrator of Goods, Chattels and Credits of John Newton Irwin.

UNDERWOOD, District Judge.

Plaintiff in the above case filed its petition to interplead certain defendants and later, by way of amendment, filed November 18, 1948, added other defendants.

At the time of the filing of the petition, plaintiff deposited with the Clerk the sum of $22,309.82, the amount due under its policy of insurance of the face amount of $25,000.00, issued to Mrs. Annie Lee Irwin, according to an adjustment reached between plaintiff and the assured and her assignees and approved by order of the Superior Court of Fulton County, in which two cases were pending against Mrs. Irwin and others and in which defendants Buchanan and Cates had been appointed receivers.

The policy in question was made payable, under the standard New York mortgage clause, to Life & Casualty Insurance Company of Tennessee, Inc., to secure a loan.

Later, this Court ordered the Clerk to accept the tendered amount and deposit the same in the registry of the court to await further direction by the Court.

All of the defendants, except those added by amendment, have appeared and answered. Defendant Life & Casualty Insurance Company of Tennessee, Inc., claims the fund as assignee of the policy of insurance by virtue of the mortgage clause, which was executed prior to the alleged torts sued for by the various defendants and prior to the issuance of any garnishments. The Arlington Corporation and Mrs. Irwin disclaim any interest in the fund and assert that Life & Casualty Insurance Company of Tennessee, Inc., is entitled thereto. The tort claims of all the other defendants arose out of the Winecoff Hotel fire and are pending in Fulton Superior Court and the Supreme Court of New York. The New York suit, filed by John Osmond Godbout as Guardian and Administrator, was instituted in the Supreme Court of New York by attachment, which was levied by service of garnishment proceedings on plaintiff. Garnishments against plaintiff were also issued in the cases pending in Fulton Superior Court.

Hearings were had upon the petition and motions filed by some of the defendants relating to the right of interpleader and to the effect of attachment and garnishment proceedings instituted against plaintiff and the fund.

182

■ Since all of the defendants are residents of states other than that of plaintiff, and the amount involved is over $3,000.00, there is sufficient diversity of citizenship to support the jurisdiction of the Court, even though some, but not all, of the defendants are residents of the same state.

■ However, in my opinion, the action is maintainable as one in the nature of a bill of interpleader under Section 41(26) [now §§ 1335, 1397, 2361] of Title 28 U.S. C.A., and Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C.A., although there is not complete diversity of citizenship among all the defendants. Maryland Casualty Co. v. Glassell-Taylor & Robinson, 5 Cir., 156 F.2d 519; Mallers v. Equitable Life Assur. Soc., 7 Cir., 87 F.2d 233, certiorari denied 301 U.S. 685, 57 S.Ct. 786, 81 L.Ed. 1343; Blackmar v. Mackay, D.C., 65 F.Supp. 48; Cramer v. Phoenix Mut. Life Ins. Co. of Hartford, Conn., 8 Cir., 91 F.2d 141, certiorari denied 302 U. S. 739, 58 S.Ct. 141, 82 L.Ed. 571.

■ Again, interpleader is proper where the defendants may be divided into two adverse groups, and all of each group reside in a different state. In this case there are two kinds of actions involved, one, that of the Life & Casualty Insurance Company of Tennessee, Inc., which is claiming under the mortgage clause of the policy, and the other, consisting of claims of defendants because of alleged torts, all of like character, arising out of the hotel fire. The rights of the two groups are inconsistent and adverse. If the claim of the Insurance Company is upheld, it will consume all of the fund and there will be nothing left to satisfy judgments in the tort cases if they should be obtained. If they are not upheld and the tort suits result in establishing liens against the fund, it will only remain to distribute the fund among the members of the second group according to the priority of their claims. The Insurance Company is a resident of Tennessee and all the other defendants, except Arlington Corporation and Mrs. Irwin who may be disregarded since they disclaim interest in the fund, are residents of the State of Georgia and of New York. If this grouping is proper, there is diversity of citizenship between adverse claimants and the case falls clearly within the rulings of Dugas v. American Surety Co., 300 U.S. 414, 57 S. Ct. 515, 81 L.Ed. 720, and Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85.

The tort defendants, of course, will have no claim upon the fund unless they first secure judgments against Mrs. Irwin and others.

■ From the foregoing I conclude that plaintiff's right to interplead the defendants is established and that defendants should be required to proceed in this court only to establish their rights in or to the fund in question.

Whereupon, it is considered, ordered and adjudged that the bill of interpleader be, and hereby is, allowed and the defendants, and each of them, are required to appear and assert their claims, respectively, against plaintiff or the proceeds of said policy in this case and in this court only.

It is further considered, ordered and adjudged that defendants, their attorneys and agents, and each of them, be, and hereby are, enjoined, until further order of this court, from continuing or prosecuting any suit or action against plaintiff or said fund for the purpose of securing the payment of the whole or any part thereof by execution or levy of any judgment or lien; but defendants are not enjoined from prosecuting their causes of action against other parties than plaintiff. However, if such suits against such other parties should result in judgments creating liens against the fund by virtue of garnishments or otherwise, these liens must be proved in this proceeding and their priority determined upon the marshalling of all such claims and liens, and all such claimants are enjoined from undertaking to collect any sum whatever from plaintiff or out of said fund or because of the issuance of said policy except upon judgment of this court in conformity with priorities adjudged in this proceeding.