FIDELITY & CASUALTY CO. OF NEW YORK v. WILSON et al.

Civ. No. 3073.

United States District Court
E. D. South Carolina, Charleston Division.

June 2, 1952.

John T. Sloan, Jr., Columbia, S. C., for plaintiff.

Meyer, Goldberg & Hollings, Charleston, S. C., Cooper & Gary, Paul M. Macmillan, Columbia, S. C., Smythe & Symthe, Hagood, Rivers & Young, Charleston, S. C., Warren C. Stack, H. B. Campbell, Charlotte, N. C., W. D. Holoman, R. B. Overton, R. B. Billings and D. G. Ball, Raleigh, N. C., for defendants.

WYCHE, Chief Judge.

This is an action of interpleader brought by Fidelity and Casualty Company of New York against the principal, the obligee and various claimants on an Owner's Protective Bond issued by it as surety in connection with an apartment house project in Charleston, South Carolina. It was commenced by service of the Summons and Complaint on all named defendants, together with a temporary restraining order issued by this Court February 4, 1952 restraining all of the defendants and others similarly situated from instituting or prosecuting any suits that might render plaintiff liable on the bond, and a Rule to Show Cause why an Order to Interplead and a permanent injunction should not be granted.

All of the named defendants with the exception of three have filed responsive pleadings which are in effect Answers on the merits stating claims against the prime contractor, the sub-contractor and/or the bonding company, and not objecting to the jurisdiction of the court and the issuance of the Order to Interplead prayed for in the Complaint. Defendants Skinner and Ruddock, Inc. (the prime contractor) and United States Guarantee Company (its bonding company) filed Returns to the Rule to Show Cause and notice of a Motion to dismiss the Complaint on the ground that this court did not have jurisdiction of the cause of action, because of the lack of diversity of citizenship and adversity of claims. These were the only responsive pleadings objecting to the Order to Interplead and the jurisdiction of the Court. In accordance with a stipulation between counsel, defendant Edwin M. Gill, U. S. Collector of Internal Revenue for the District of North Carolina, has not yet filed any responsive pleading, pending determination by the proper officials of the action to be taken on behalf of the United States.

The Rule to Show Cause and the Motion to Dismiss were argued before me by counsel on March 17, 1952, and briefs filed by the interested parties.

The Complaint in this action alleges jurisdiction under both the Federal Interpleader Act, Section 1335, Title 28, U.S.C.A., and associated sections, and the general diversity of citizenship jurisdiction of this court, Section 1332, Title 28, U.S.C.A., and Rule 22, Federal Rules of Civil Procedure, 28 U.S.C.A.

■ Defendants Skinner and Ruddock, Inc., and United States Guarantee Company have taken the position that this court lacks jurisdiction under the Federal Interpleader Act because the required adversity of interest between claimants is lacking in that the bond which plaintiff has filed in the registry of this court to substitute for its original Owner's Protective Bond exceeds the total amount of the claims heretofore made on the bond. I do not, however, find it necessary to pass upon this

question. It is sufficient to note in passing that the provisions of the Interpleader Act were intended as remedial legislation to meet a situation where equitable relief was greatly needed because of the impossibility of achieving a solution in the courts of any one state, and hence should be liberally construed. Maryland Casualty Co. v. Glassell-Taylor & Robinson, 5 Cir., 1946, 156 F.2d 519, 524; John Hancock Mut. Life Ins. Co. v. Kegan, D.C.Md.1938 22 F.Supp. 326.

Regardless of whether or not this Court has jurisdiction under the Interpleader Act, however, I find, and so hold, that this court has jurisdiction of this proceedings under the diversity of citizenship provisions of Section 1332 of the U.S.Code and Rule 22 of the Federal Rules of Civil Procedure, as a controversy between citizens of different states involving more than $3,000. Maryland Casualty Co. v. Glassell-Taylor & Robinson, supra; Mallers v. Equitable Life Assur. Soc., 7 Cir., 1936, 87 F.2d 233, certiorari denied, 1937, 301 U.S. 685, 57 S.Ct. 786, 81 L.Ed. 1343; Penn. Mut. L. Ins. Co. v. Mequire, D.C.Ky.1936, 13 F.Supp. 967; Annotation, 172 A.L.R. 823.

■ As stated in Agricultural Insurance Co. v. The Lido of Worcester, D.C.Mass. 1945, 63 F.Supp. 799, 801:

"* * * a bill, although not cognizable as a statutory bill of interpleader, may be sustained as a bill of interpleader within the equity jurisdiction of the court as it existed prior to the passage of the interpleader act provided that the jurisdictional requirements set up in 28 U.S.C.A., § 41(1) are satisfied."

■ And as held in Harris v. Travelers Ins. Co., D.C.Pa.1941, 40 F.Supp. 154, 156:

"The current weight of authority is to the effect that the interpleader Act of 1936, supra, did not abrogate the right to bring suits of interpleader under the general provisions of Section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1), which confers general jurisdiction over actions based on diversity, alienage or federal question. (Citing cases.) The purpose of the interplead-

er Act of 1936 was to give the stakeholder protection where adverse claimants resided in different states. In actions brought under Section 24(1) of the Judicial Code, however, it is sufficient if there is diversity between the party seeking interpleader and the claimants. * * *

"Rule 22(1) adopts the jurisdictional rule for ordinary actions, affording, as stated in paragraph (2) a remedy in addition to but not superseding the Interpleader Act of 1936, supra. Thus, although under the Interpleader Act there must be diversity between the claimants, such is not required under paragraph (1) of Rule 22. In other words, under Rule 22 it is sufficient if diversity exists between the interpleader and the claimants."

Leaving aside for the moment the question of defendant United States Guarantee Company, the necessary diversity of citizenship exists between plaintiff, a citizen of New York, and all other defendants, citizens of South Carolina, North Carolina, Delaware, and Maine.

One defendant, however, United States Guarantee Company, is a citizen of New York, as is the plaintiff. The question is therefore raised whether this fact destroys the diversity of citizenship required under Section 1332 and Rule 22. I do not consider that it does.

■ It is a well established rule of Federal jurisdiction that while every party who has an interest in the controversy or subject matter, which is separable from the interest of other parties so that it will not necessarily be directly or injuriously affected by a decree which does complete justice between them, is a "proper party", such a party is not an "indispensable party" and, to prevent ouster of Federal jurisdiction, may be dismissed after the action has been brought. Wells v. Universal Pictures Company, 2 Cir., 1948, 166 F.2d 690; London v. Kingsley, D.C.Pa.1948, 81 F.Supp. 83; Genovese v. Skol Co., D.C.N.Y.1947, 73 F.Supp. 423; Kapp v. Frank W. Kerr & Co., D.C.Mich.1942, 2 F.R.D. 509.

Or such a party may be disregarded, or not joined at all. Peterson v. Sucro, 4

Cir., 1938, 93 F.2d 878, 114 A.L.R. 890; Lecouturier v. Ickelheimer, D.C.N.Y.1913, 205 F. 682; Federal Mining & Smelting Co. v. Bunker Hill & Sullivan Mining & Concentrating Co., C.C.Idaho 1909, 187 F. 474; Ex parte Haggerty, C.C.W.Va.1902, 124 F. 441.

After careful consideration of the pleadings and papers filed in this case, I am of the opinion that the United States Guarantee Company is not a necessary party to this controversy. It is clear that the United States Guarantee Company neither has nor asserts any claim to or interest in the fund on deposit in this court, but has been joined merely because it is surety on the performance bond of defendant Skinner and Ruddock, Inc., and as such might ultimately be answerable for Skinner and Ruddock's possible liability in cross actions which might be interposed during the interpleader proceedings. Its liability with Skinner and Ruddock, Inc. under its bond, however, is several, and any cross action against Skinner and Ruddock, Inc., could be effectively and completely prosecuted against Skinner and Ruddock, Inc., alone without joining United States Guarantee Company. Its liability under its bond is derived from and dependent upon liability of its principal Skinner and Ruddock, Inc., and a determination of the rights, interests, and liabilities of defendant Skinner and Ruddock, Inc., will fully determine and protect the rights, interests, and liabilities of United States Guarantee Company. See McAlister v. Fidelity & Deposit Co. of Maryland, D.C.W.D.S.C.1941, 37 F.Supp. 956.

Under the foregoing principles, therefore, since defendant United States Guarantee Company is not a necessary or indispensable party (although a proper party), it can either be dismissed as a party defendant, on motion of plaintiff, or allowed to remain in the case and its presence disregarded for jurisdictional purposes. Although counsel for plaintiff have indicated a willingness to move for dismissal of United States Guarantee Company as a party defendant if necessary to prevent ouster of jurisdiction, I do not consider that such a purely formal step need be taken, in view of the merely nominal presence of United States Guarantee Company in the case. For the sake of completeness, therefore, and keeping in mind the fact that no substantial right or liability of defendant United States Guarantee Company will be adjudicated in this proceedings, I consider that defendant United States Guarantee Company can be retained as a party defendant without depriving this court of jurisdiction to determine the controversy existing among the other parties to the action.

Nor do I consider that any realignment of the relative positions of the parties need be made. The only realignment that has been suggested would place defendant W. K. Wilson, individually and doing business as Southern Erection and Engineering Service, in the role of a co-plaintiff, with his surety, Fidelity and Casualty Company of New York. Plaintiff has, however, tendered its bond into court, and thereby relieved W. K. Wilson of any rights or interests as plaintiff. The Complaint clearly indicates that W. K. Wilson has been joined as a party defendant principally for the purpose of allowing a determination of the plaintiff's right to indemnity against him for any amounts which plaintiff is required to pay out to other defendants. On this question the positions of plaintiff and W. K. Wilson are necessarily adverse, and realignment would be improper.

I hold therefore that this court properly has jurisdiction of the subject matter of this action.

And where the court has jurisdiction of the subject matter of an action, the defendants submitting themselves to the court thereby confer upon it jurisdiction over their persons. And such parties may likewise by cross-complaint submit ancillary suits to the court, and the court will entertain the ancillary suits although it could not have entertained them as independent suits. Goldstone v. Payne, 2 Cir., 1938, 94 F.2d 855; cf. Ex parte Republic of Peru, 1943, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014; see also Bank of Neosho v. Colcord, D.C.Mo.1949, 8 F.R.D. 621.

In accordance with the principles set forth above, therefore, it is hereby

Ordered, Adjudged and Decreed:

1. That the motion of defendants Skinner & Ruddock, Inc. and United States Guarantee Company to dismiss the Complaint be, and the same is hereby, overruled.

2. That the defendants herein interplead their respective claims and causes of action to and against the bond deposited by plaintiff in this Court, and their claims and causes of action against each other, if any; and serve their respective answers, cross-complaints or other pleadings on the parties concerned within 20 days from the service hereof, if such pleadings have not already been served.

3. That in the meantime the temporary Restraining Order heretofore issued by this Court on February 4, 1952 be, and it is hereby, continued in effect, as a temporary injunction, pending the final determination of this case.