### HARRIS v. TRAVELERS INS. CO.
#### Civil Action No. 1367.

District Court, E. D. Pennsylvania.

Aug. 14, 1941.

Roland J. Christy, of Philadelphia, Pa., for plaintiff.

Evans, Bayard & Frick and J. B. H. Carter, all of Philadelphia, Pa., for defendant.

James McMullan, John Horace Churchman, and Drinker, Biddle & Reath, all of Philadelphia, Pa., for Corn Exchange National Bank & Trust Co.

BARD, District Judge.

This case is before the court at this time on the motion of the Corn Exchange National Bank and Trust Company of Philadelphia, Pennsylvania, hereafter termed the "bank", for dismissal of defendant's counterclaim interpleading the Bank.

The plaintiff, a citizen of Pennsylvania, instituted this action against the defendant, a corporation organized and existing under the laws of the State of Connecticut, to recover the amount due under certain insurance policies. The Bank, as assignee of these policies, has also demanded payment to it of the amount due. The defendant has counterclaimed, asking that the plaintiff and the Bank be required to interplead.

The Bank urges that the counterclaim for interpleader must be dismissed for several reasons, chief among which is that claimants sought to be interpleaded must be citizens of different states.

There is authority to the effect that an insurer who interpleads claimants to proceeds of policies is "a real party in interest" for the purpose of determining

jurisdiction on the basis of diversity of citizenship, and that an insurer of one state can interplead adverse claimants both citizens of the same other state. Hunter v. Federal Life Insurance Co., 8 Cir., 111 F.2d 551, 555. However, the propriety of this conclusion was therein admitted to be doubtful and without secure precedent. The Court said at page 555 of 111 F.2d: "While the question of federal jurisdiction under such circumstances as here exist will not be finally put to rest until decided by the Supreme Court of the United States * * *, we think that the right of a stakeholder to be relieved of vexation, the danger of multiple liability, and the responsibility of undertaking to decide, at his peril, which of two or more adverse claimants is entitled to money or property in his hands, has the effect of making him a real party in interest."

Another argument urged in support of jurisdiction over the instant interpleader is that such proceeding is ancillary to the original action and, therefore, within the court's jurisdiction. If a court has jurisdiction of the case made by the original complaint, it has jurisdiction of all germane ancillary proceedings. Brooks v. Laurent, 5 Cir., 98 F. 647; Goldstone v. Payne, 2 Cir., 94 F.2d 855. The scope of ancillary jurisdiction is dependent upon the subject matter of the original proceeding. Lewis v. United Air Lines, D.C., 29 F.Supp. 112, 113. It was stated in Goldstone v. Payne, supra, that where the court has jurisdiction of an original suit, a counterclaim is treated as ancillary, and the court will entertain the ancillary suit though it could not have entertained it as an independent suit. In the absence of more 'specific support of jurisdiction, I am convinced that this would suffice in this instance.

Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, however, affords ample authority for the instant interpleader, even if the requirements of the Interpleader Act of 1936, c. 13, § 1, 49 Stat. 1096, 28 U.S.C.A. § 41(26), are not satisfied.

Rule 22 provides that: "(1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20.

"(2) The remedy herein provided is in addition to and in no way supersedes or limits the remedy provided by Section 24(26) of the Judicial Code, as amended, U.S.C., Title 28, § 41(26) [28 U.S.C.A. § 41(26)]. Actions under that section shall be conducted in accordance with these rules."

The current weight of authority is to the effect that the interpleader Act of 1936, supra, did not abrogate the right to bring suits of interpleader under the general provisions of Section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1), which confers general jurisdiction over actions based on diversity, alienage or federal question. Mallers v. Equitable Life Assur. Soc., 7 Cir., 87 F.2d 233; Security Trust & Savings Bank v. Walsh, 9 Cir., 91 F.2d 481; Penn Mutual Life v. Meguire, D.C., 13 F.Supp. 967; John Hancock Life Ins. Co. v. Kegan, D.C., 22 F.Supp. 326. The purpose of the interpleader Act of 1936 was to give the stakeholder protection where adverse claimants resided in different states. In actions brought under Section 24(1) of the Judicial Code, however, it is sufficient if there is diversity between the party seeking interpleader and the claimants. See cases last cited supra.

Rule 22(1) adopts the jurisdictional rule for ordinary actions, affording, as stated in paragraph (2) a remedy in addition to but not superseding the Interpleader Act of 1936, supra. Thus, altho under the Interpleader Act there must be diversity between the claimants, such is not required under paragraph (1) of Rule 22. In other words, under Rule 22 it is sufficient if diversity exists between the interpleader and the claimants. This does not overlook Rule 82 which says that the Rules of Civil Procedure shall not extend or limit the jurisdiction of the District Courts. The Court has jurisdiction of the original bill. Allowance of the cross-bill does not

extend the jurisdiction but neither can it operate to limit or circumscribe the Court's authority to permit the defendant to dispose of the entire matter in the instant proceeding.

The Bank further contends that the counterclaim for interpleader must be dismissed because the Bank, as assignee, is the only one who can bring suit against the defendant. The jurisdiction of this court to entertain a bill of interpleader is not dependent upon the merits of the claims of the parties interpleaded. Metropolitan Life Ins. Co. v. Segaritis, D.C., 20 F.Supp. 739; Hunter v. Federal Life Ins. Co., 8 Cir., 111 F.2d 551. In the Segaritis case Judge Maris, then a District Judge, said at page 741 of 20 F.Supp.: "It thus becomes clear that the jurisdiction of this court to entertain an interpleader bill does not depend upon the validity or even bona fides of the claims of the respective defendants. It is obvious that in almost every case the claim of one of the parties will ultimately be determined to be invalid. That, however, is a matter for determination at the trial and cannot affect the jurisdiction of the court. As we have shown, the purpose of an interpleader bill is as much to protect a stakeholder from the expense of double litigation, however groundless, as it is to protect him from the risk of double liability. That in the opinion of the court he will ultimately escape the latter is no ground for refusing interpleader. Nor does the mere fact that a contractual relationship exists between the plaintiff and one of the defendants, under which the fund is required to be paid to such defendant, defeat the right to interpleader." If the Bank is secure in its position that it is the only claimant of merit, it will not be prejudiced by being required to interplead. Obviously there can be but one claimant entitled to the amount due.

The final objection, that the counterclaim must be dismissed because the complaint does not set up any cause of action against the defendant likewise goes to the merits and therefore, is not to be considered at this time. The sufficiency of the pleadings is not pertinent to the instant motion. Two parties have made demands upon the defendant for payment of the amount due under certain insurance policies. In such a circumstance, the defendant, under Rule 22, is entitled to counterclaim for interpleader. There is no statutory jurisdictional obstacle in the way of such a counterclaim where the defendant is a citizen of a different state than that of the claimants. Further considerations are unnecessary and impertinent to the instant motion. The opinion decides that the Bank can be and was properly interpleaded, and decides no more.

Motion to dismiss counterclaim for interpleader is denied.