The WALMAC COMPANY, Inc.,
Plaintiff-Appellant,

v.

Irving A. ISAACS et al., Defendants-
Appellees.

No. 4863.

United States Court of Appeals,
First Circuit.

Heard Dec. 8, 1954.

Decided March 10, 1955.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

This appeal from an order denying injunctive relief presents a question of federal jurisdiction under the interpleader statute.[1] Title 28 U.S.C. § 1335. Since an earlier suit brought by Isaacs against Walmac under the diversity statute, Title 28 U.S.C. § 1332(a) (1), is directly involved, indeed entangled, in the present litigation, we must state that case as well as the one actually before us on this appeal. We shall describe the cases in the order in which they were brought.

In July 1952, Isaacs, a citizen of Massachusetts, brought suit in the court below against The Walmac Company, Inc., a Rhode Island corporation, for a judgment defining his rights under an alleged contract with Walmac to pay a real estate brokerage fee, and to recover such a fee in the amount of $10,230. Walmac answered admitting Isaacs' participation in negotiating a lease of part of a building which it owned in Providence, Rhode Island, and its liability to pay a brokerage fee calculated in accordance with the rates established by the Providence Real Estate Board, which it said amounted to $4,725, but denying that it had ever agreed to pay Isaacs any particular part or percentage of that fee. As its seventh defense to this action Walmac filed what it called a "Counter-claim for Interpleader" the substance of which, so far as we can make out from the tangled verbiage of that defense read in connection with its other defenses, is that Walmac, through its attorney Sundlun, a citizen of Rhode Island, agreed with Isaacs to pay $1,500 of the $4,725 fee to one Singer, a citizen of New York, and that Sundlun and Isaacs agreed to divide the remaining balance of the fee between them but had not been able to agree upon the amount thereof to which each was

Walter I. Sundlun, Providence, R. I., with whom Albert A. Baker, Providence, R. I., was on the brief, for appellant.

Stephen B. Ives, Jr., Providence, R. I., with whom Matthew W. Goring, Providence, R. I., was on the brief, for Irving A. Isaacs, appellee.

1. Our appellate jurisdiction under Title 28 U.S.C. § 1292(1) is too clear to warrant discussion.

entitled. Wherefore Walmac asked that Singer and Sundlun be joined as parties defendant, and that they and Isaacs be ordered to interplead their respective claims. On Isaacs' motion the court below dismissed Walmac's counterclaim for interpleader on the ground of failure to deposit $4,725 in the registry of the court, or to give bond therefor, and also on the ground of lack of federal jurisdiction for the reason that Walmac and Sundlun were citizens of the same state, Rhode Island, D.C., 15 F.R. D. 341. Walmac filed an appeal from this order which we dismissed on motion under our Rule 26(3) for lack of appellate jurisdiction, 1 Cir., 212 F.2d 437. That case is still pending in the court below.

In the meantime in September 1952 Walmac, asserting federal jurisdiction under Title 28 U.S.C. § 1332 for diversity of citizenship and amount in controversy, began the instant suit by filing a complaint against Isaacs in the court below entitled "Complaint for Interpleader and Declaratory Relief" wherein it alleged substantially the same matter it had previously alleged in its seventh defense to the suit brought against it by Isaacs. Within the time limited for amendment as a matter of course by Rule 15(a) F.R.C.P., 28 U.S.C., however, Walmac amended its complaint to join Singer and Sundlun as parties defendant and to assert federal jurisdiction under the interpleader statute. Title 28 U.S.C. § 1335. At the same time it paid $4,725, the amount it admitted all along that it owed for a brokerage fee, into the registry of the court.

The impleaded defendants Singer and Sundlun were served with process and answered promptly. Singer in his answer claimed that by virtue of an agreement with Sundlun and Isaacs he was entitled to $1,500 out of the fund deposited in court, and asserted that he had made demand therefor upon Isaacs and Walmac but payment had been refused. Sundlun in his answer asserted that he had rendered valuable services to Walmac in connection with the leasing of its premises for which he was entitled to "no less than" $2,350, and that "it was agreed," he did not say by whom, that he was to be paid for his services out of the $4,725 that Walmac admitted it was obligated to pay for services rendered in connection with the leasing of its premises.

Isaacs, however, did not answer immediately but moved under Rule 12(f) to strike Walmac's amended complaint on the ground that the averments therein were not simple, concise and direct as required by Rule 8(e) (1). This motion was denied after hearing on the ground that although Walmac's pleading was not artistic (definitely an understatement), nevertheless its allegations related to the controversy and Isaacs had not shown any prejudice.

Upon disposition of this motion Isaacs answered alleging in the language of his earlier complaint against Walmac that the amount of the brokerage fee owed by Walmac was not $4,725, as it alleged, but was actually $10,230, and that he was entitled to all of it. Wherefore he asked that Walmac's complaint for interpleader be dismissed as to him for the reason that their dispute was the subject matter of his pending suit against Walmac.

■■ We now interrupt our recitation of the pleadings to note that at this stage of the interpleader proceeding, assuming that Walmac had made out a case for relief, it had made out a case over which the District Court had jurisdiction under the interpleader statute.[2] The reason for this is that at this

2. Although over $3,000 is in controversy, federal jurisdiction over the interpleader suit cannot be grounded on the diversity statute under the rule of Ellington v. Metropolitan Life Ins. Co., 5 Cir., 1954, 217 F.2d 609; John Hancock Mutual Life Ins. Co. v. Kraft, 2 Cir., 1953, 200 F.2d 952; and cases cited, for the reason that the plaintiff in interpleader, Walmac, and one of the defendants-claimants, Sundlun, are both citizens of Rhode Island. Strawbridge v. Curtiss, 1806, 3 Cranch 267, 2 L.Ed. 435.

point the complainant, Walmac, was a mere stakeholder and all of the claimants-defendants named in the interpleader suit, that is to say Isaacs, Singer, and Sundlun, are citizens of different 'states, and this satisfies jurisdictional requirements even though the plaintiff in interpleader, Walmac, and one of the claimants, Sundlun, are citizens of the same state. Treinies v. Sunshine Mining Co., 1939, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85. Furthermore the venue provision of Title 28 U.S.C. § 1397 is satisfied, for one of the claimants, again Sundlun, resides in the judicial district in which the suit was brought.

Thus at this point the District Court had jurisdiction of Isaacs' suit against Walmac under the diversity statute, and it also had jurisdiction of Walmac's action against Isaacs, Singer, and Sundlun under the interpleader statute, with the result that, common questions being involved, the two suits could have been consolidated under Rule 42(a) and all of the issues raised in both suits threshed out in one trial.

The proceedings below, however, took a different turn, for in the interpleader suit Walmac deposited $5,505 (the difference between its original deposit of $4,725 and the $10,230 demanded by Isaacs in his answer) in the registry of the court "without prejudice" to its right to recover the same, and then moved in accordance with Title 28 U.S.C. § 2361 for an order restraining all defendants from prosecuting any action already commenced and from initiating any new one in any court, state or federal, affecting the matter in controversy. The court below after hearing denied Walmac's motion for injunctive relief and thereupon Walmac took the instant appeal.

In summary the situation which emerges from the verbose, involved, and confusing pleadings the essence of which we have recited above is this: There is a suit pending in the court below in which Isaacs, a citizen of Massachusetts, is seeking to recover a $10,230 real estate brokerage fee from Walmac, a Rhode Island corporation, wherein Walmac admits that it owes $4,725, and apparently also admits that it owes some undetermined part, but not all, of that amount to Isaacs. Also there is pending in the same court a suit by Walmac against Isaacs, Singer, and Sundlun wherein Walmac has deposited $10,230 in the registry of the court with a claim to recover $5,505 of that amount itself, and wherein Isaacs claims the entire deposit but Singer and Sundlun claim only fractional parts of the $4,725 which Walmac admits that it owes.

The District Court gave no reason for its refusal to grant Walmac the injunctive relief for which it asked. But, since that court dismissed Walmac's seventh defense to Isaacs' suit against it, wherein it sought like relief, in part for lack of jurisdiction for the reason that Walmac and one of the claimants, Sundlun, were citizens of the same state, we assume that the court denied injunctive relief in this interpleader suit for the same reason. At any rate, since federal jurisdiction over this controversy is fundamental, we must under established principles look into that matter before considering the merits. Treinies v. Sunshine Mining Co., 1939, 308 U.S. 66, 70, 60 S.Ct. 44.

We have already noted that the case last cited holds that there is federal jurisdiction under the interpleader statute of a straight bill of interpleader, i. e. one in which the plaintiff is a mere stakeholder, even though the complainant and one of the claimants are citizens of the same state. That case, however, does not rule this one, for when Walmac paid the $5,505 into the registry of the court below "without prejudice" to its right to recover the same, it transformed its pure bill of interpleader into a bill in the nature of a bill of interpeader, i. e. one in which the complainant asserts a claim to part of the fund in dispute, and thereby added the role of claimant to its original role of stakeholder.

Possibly under the early federal rule with respect to strict bills of interpleader,

and perhaps under the rule still in force in some states, this action on Walmac's part would have ousted the court of its equity jurisdiction because of the rigid requirement that a plaintiff in interpleader must be a mere stakeholder having no claim or interest in the fund or property in dispute. Sanders v. Fertilizer Works, 1934, 292 U.S. 190, 200, 54 S. Ct. 677, 78 L.Ed. 1206. See also 4 Pomeroy, Equity Jurisprudence §§ 1322, 1325 (4th ed. 1919); 1 Pomeroy, Equitable Remedies § 48 (2d ed. 1919). But however that may be, bills in the nature of interpleader are now clearly sanctioned in the federal courts for Rule 22(1) F.R. C.P. categorically provides that it "is not ground for objection" to a federal bill of interpleader "that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants." Thus the equity jurisdiction of the court below was not affected by Walmac's additional deposit in the registry of the court coupled with its claim to recover the same whereby it transformed its straight bill of interpleader into a bill in the nature of interpleader.

The interpleader statute, § 1335 of Title 28 U.S.C., in its (a) explicitly confers original jurisdiction on the district courts of bills in the nature of interpleader, such as the one before us, as well as of pure bills of interpleader. But in its (a) (1) it confers jurisdiction over both kinds of bills only if "Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled" to the fund in dispute. We are therefore face to face with the question left undecided in the Treinies case. That is, the question whether the statute gives federal jurisdiction over bills in the nature of interpleader when there is co-citizenship between the complainant-claimant and one of the other claimants.

The Court of Appeals for the Eighth Circuit in Cramer v. Phoenix Mutual Life Ins. Co., 1937, 91 F.2d 141, certiorari denied, Coburn v. Phoenix Mut. Life Ins. Co., 1937, 302 U.S. 739, 58 S. Ct. 141, 82 L.Ed. 571, held that the Federal Interpleader Act of 1926, 44 Stat. 416, conferred jurisdiction on the federal courts of strict bills of interpleader even though there was not complete diversity of citizenship between all adverse claimants. That is to say, the court held that the jurisdictional requirement of that statute was fully satisfied when there were two adverse claimants of diverse citizenship, with the result that the citizenship of other claimants made no difference. The Cramer case has been followed in construing the same statute, and also the Act of 1936, 49 Stat. 1096, in a number of cases[3] and support for that construction of the statutes can be drawn from Dugas v. American Surety Co., 1937, 300 U.S. 414, 57 S.Ct. 515, 81 L.Ed. 720, although the Court in that case does not seem to have focused its attention sharply on the point.

Perhaps the above construction of the earlier interpleader statutes could be given to the present one. But the constitutionality of the statutes so construed is not free from doubt in view of the rule established in Strawbridge v. Curtiss, 1806, 3 Cranch 267, 2 L.Ed. 435, and consistently followed ever since. American Fire and Casualty Co. v. Finn, 1951, 341 U.S. 6, 17, 71 S.Ct. 534, 95 L.Ed. 702.

In Strawbridge v. Curtiss the Supreme Court construed the words of the Judiciary Act of 1789, 1 Stat. 78, conferring jurisdiction on the federal courts in diversity cases, which the Court in

---

3. Railway Express Agency v. Jones, 7 Cir., 1939, 106 F.2d 341, 344; Maryland Casualty Co. v. Glassell-Taylor and Robinson, 5 Cir., 1946, 156 F.2d 519; Pure Oil Co. v. Ross, 7 Cir., 1948, 170 F.2d 651; United States v. Sentinel Fire Insurance Co., 5 Cir., 1949, 178 F.2d 217, 223–225.

See Chafee, The Federal Interpleader Act of 1936, 45 Yale L.J. 963, 975 (1936); Chafee, Federal Interpleader, 49 Yale L.J. 377, 397–398 (1940); 3 Moore's Federal Practice 3033 (2d ed. 1948). Contra: Boice v. Boice, 3 Cir., 1943, 135 F.2d 919.

the Treinies case [308 U.S. 66, 60 S.Ct. 47] said were "practically the same" as the words of Article III § 2 of the Constitution authorizing that jurisdiction, as forbidding suits of that nature unless all of the parties on one side of a controversy were of diverse citizenship from all of those on the other side. And, as pointed out in the Treinies case, 308 U.S. at page 71, 60 S.Ct. 44, the same construction has consistently been given to subsequent statutory grants of diversity jurisdiction couched in words identical with the constitutional provision cited above. Thus, since claimants in interpleader, including a complainant-claimant in a bill in the nature of interpleader, are clearly parties on the opposite sides of a controversy, it would have to be said to uphold the constitutionality of the interpleader statutes as construed in the Cramer case, and the others like it, that the words used in the Constitution to confer diversity jurisdiction have not only a different and broader meaning than the words of similar import in the Judiciary Act as construed in Strawbridge v. Curtiss, but also a different and broader meaning than the identical words of subsequent diversity statutes as construed in later cases.

The Supreme Court in the Treinies case, 308 U.S. at page 71, 60 S.Ct. 44, noted this constitutional question but did not find it necessary to provide the answer. Neither do we, and in keeping with sound judicial policy we express no opinion upon it. The reason for this is that we find another basis for federal jurisdiction.

We have emphasized that Walmac is not only the complainant but is also a claimant as to part of the fund and as such is in controversy with the other claimants, one of whom is a co-citizen. Maybe, however, the pleadings in this case, insofar as they are comprehensible, could be read as disclosing no actual controversy between Walmac as a claimant and its co-citizen-claimant Sundlun. It is true that on Walmac's present theory of the case it is in controversy only with Isaacs, a citizen of Massachusetts, over the $5,505, and Isaacs is in controversy with Sundlun and Singer over the balance of Walmac's deposit of $4,725 as to which it is neutral, with the result that actually there are two separate controversies, both of which are between citizens of different states. However, if Isaacs should prevail to the extent of recovering the entire amount of his claim, $10,230, there can be little doubt that Walmac would contest the claims of Singer and Sundlun on the ground that any right they might have to recover should not be asserted against it but against Isaacs. Thus Walmac in fact is involved, potentially at least, in an actual controversy with Sundlun, its co-citizen. We must, therefore, look for another ground upon which to rest federal jurisdiction. We find it in the doctrine of dependent or ancillary jurisdiction.

Walmac's interpleader suit is part and parcel of the controversy in litigation in the suit brought against it by Isaacs over which the court below clearly has jurisdiction on the ground of the diversity of the citizenship of the parties and an amount in excess of the statutory minimum in controversy between them. That case cannot be fully decided without exploration of the rights of Singer and Sundlun to share in the fee. Nor can the parties be fully protected by any judgment therein without adjudication of the rights of Singer and Sundlun, and as Judge Learned Hand said in Sherman National Bank v. Shubert Theatrical Co., 2 Cir., 238 F. 225, 229, affirmed, 2 Cir., 1917, 247 F. 256, " * * * the power to compel the obligor to pay must include the power to protect him in his payment and the successful obligee in his proceeds."

The doctrine of dependent or ancillary jurisdiction is not capable of exact definition. At least so far as we are aware no court has ever tried to fix its limits with any degree of precision. It springs from the equitable doctrine that a court with jurisdiction of

**114**

a case may consider therein subject matter over which it would have no independent jurisdiction whenever such matter must be considered in order to do full justice. Thus in Dugas v. American Surety Co., 1937, 300 U.S. 414, 428, 57 S.Ct. 515, 521, 81 L.Ed. 720, the Court held that the jurisdiction of a federal court to entertain a supplemental bill was clear, "regardless of the citizenship of the parties to the bill or the amount in controversy", provided the supplemental bill was brought to effectuate a prior decree of the court "to the end either that the decree may be carried fully into execution or that it may be given fuller effect," subject only "to the qualification that the relief be not of a different kind or on a different principle." See also Supreme Tribe of Ben-Hur v. Cauble, 1921, 255 U.S. 356, 367, 41 S.Ct. 338, 65 L.Ed. 673; Root v. Woolworth, 1893, 150 U.S. 401, 14 S. Ct. 136, 37 L.Ed. 1123; Local Loan Co. v. Hunt, 1934, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230.

■ Although we have found no case in point, we think it evident from what we have said that the issues raised in the two suits are so inextricably entangled with one another that full justice cannot be done in Isaacs' original suit without adjudication of the matters raised in Walmac's bill in the nature of interpleader. Hence we think that within the broad principle of the cases last cited it can be said with propriety that jurisdiction of Walmac's bill is dependent upon or ancillary to the undoubted jurisdiction over Isaacs' original suit.

■ We have not yet disposed of this appeal, however, for it may be that we are mistaken in our assumption that the District Court denied Walmac's motion for a restraining order on the ground of lack of jurisdiction. Indeed, if the court thought jurisdiction did not exist, it is not apparent why the court did not dismiss the complaint. Without findings of fact or an opinion from the court below, we can only speculate as to the grounds upon which it relied. However, there are adequate grounds other than

lack of jurisdiction to support the court's refusal to give the equitable relief asked for here.

While injunctive relief of the kind sought by Walmac is ordinary and usual in bills of interpleader, it may be that the court in the exercise of its discretion withheld issuance of a restraining order pending a further investigation of the question whether or not this was a proper case for relief by way of interpleader. Or it may have found that no threat existed of any suit being brought against Walmac other than the one by Isaacs over which it already had jurisdiction. On the present inadequate record we cannot hold that the court below necessarily abused its discretion in denying the plaintiff's motion for a restraining order. Having determined that the District Court has jurisdiction, it follows that the District Court may proceed to trial.

The order of the District Court is affirmed.