John E. **WERTHEIMER**, Plaintiff,

v.

**BANK OF NOVA SCOTIA,**
Defendant.

United States District Court
S. D. New York.
March 10, 1956.

---

Golden, Wienshienk & Rosenthal, New York City, for plaintiff.

Shearman, Sterling & Wright, New York City, Henry Harfield, Sirius C. Cook, New York City, of counsel, for defendant.

WEINFELD, District Judge.

The defendant bank is caught in the cross-fire of a controversy between plaintiff and Gardner, Watson Ltd. and others involving 1,504 P.R.M. Inc. shares of common stock now in the possession of the defendant. The certificates representing the shares of stock, endorsed in blank in the name of the plaintiff, were delivered to the defendant by one Lambert Goldsmith, who plaintiff asserts was "accommodating plaintiff". The defendant claims that it received the certificates under an alleged agreement made between Goldsmith and Gardner, Watson Ltd. whereby Goldsmith was to sell to Gardner, Watson Ltd. those shares and others at a fixed price. The bank was to make payment for the account of the buyers and as directed by the sellers, for each share purchased against delivery of shares properly endorsed, signatures guaranteed by a banker or broker. The defendant further asserts, and indeed it does not appear to be seriously disputed by plaintiff, that it originally received the certificates for the 1,504 shares for safe-keeping pending the consummation of the transaction.[1] It has never been consummated. For the purposes of this motion the details as to the failure to conclude the transaction are unnecessary except to state that a controversy arose as to whether the shares were properly endorsed and the signatures guaranteed and whether the alleged purchaser waived this requirement.

Whatever the reason for the deal falling through, plaintiff, claiming title to the shares of stock, demanded of the defendant the delivery of the certificates to him; Gardner, Watson on its part instructed defendant they were not to be delivered to anyone other than itself. The defendant, faced with the conflicting claims, declined to deliver the certificates to either party following which the plaintiff brought this action to recover damages charging the defendant with conversion of the shares.

The defendant, asserting it has no interest in the matter other than to see that the certificates are delivered to their rightful owner, which it cannot determine without risk of possible double liability, now moves for leave pursuant to Rule 67 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to deposit the certificates with the Registry of the Court preliminarily to availing itself of the remedy authorized by the Federal Interpleader Statute, § 1335 of Title 28. That statute imposes as a condition precedent to the Court's jurisdiction the deposit by a party or stakeholder of the money or property which is the subject of the adverse claims with the Registry of the Court, to abide the judgment of the Court. Such deposits are governed by Rule 67 of the Federal Rules of Civil Procedure.

█ This Court would have jurisdiction of an interpleader action since the claimants are of diverse citizenship. The plaintiff is a citizen of Illinois; the defendant bank is a corporation of the Dominion of Canada, maintaining an agency in New York City; Gardner, Watson Ltd. is a Canadian corporation; and Lambert Goldsmith, also alleged to be a potential claimant, is a citizen of New York. The identity of citizenship of a plaintiff in interpleader and a claimant does not deprive the Court of jurisdiction.[2]

█ The defendant, under the facts here presented, subject to possible double liability were it to deliver shares to one claimant rather than the other, appears fully entitled to apply for interpleader relief. No substantial reason has been advanced by plaintiff why defendant

---

1. After this action had been commenced, and after this motion was made, Goldsmith served a direction to the bank that it deliver to the plaintiff the certificates "which were left with you for safe-keeping against counter receipts on February 14, 1956."

2. Treinies v. Sunshine Mining Co., 308 U.S. 66, 71, 60 S.Ct. 44, 84 L.Ed. 85; Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 189, 44 S.Ct. 266, 68 L.Ed. 628; Walmac Co. v. Isaacs, 1 Cir., 220 F.2d 108, 110.

should not be permitted to take the essential preliminary step of depositing the certificates, nor has he made any showing that his rights would be prejudiced by such action.

■ Plaintiff's contention that the deposit of the shares may cause him loss in the event there is future depreciation of the stock, or lack of a desirable market, is readily met by the fact that the present suit by plaintiff is continued. The defendant may seek interpleader relief in this action[3] or it may institute a separate suit under the Interpleader Statute against the various claimants and effect a consolidation of both actions, in which event all issues raised in both suits and the respective rights of all parties, including any claim of the plaintiff against the defendant, may be determined in one trial.[4]

■■ Neither is there substance to the plaintiff's claim that since he seeks money damages for conversion of the shares it is not an action "seeking disposition of a sum of money or the disposition of any other thing capable of delivery" within the requirement of Rule 67. That rule by express language is also applicable where the action is for a "sum of money"—the precise nature of the instant action. The fact that defendant proposes to deposit the certificates of stock and not the sum which the plaintiff demands in his complaint does not require denial of the motion for leave to make the deposit. It is that which the alleged stakeholder has in his custody or possession which is required to be deposited with the Clerk of the Court under the Interpleader Statute. Thus §

1335(a) (2) of Title 28 provides "The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation * * *having in his or its custody or possession* money or *property* of the value of $500 or more * * * if * * * the plaintiff has deposited *such* money or *property* * * * into the registry of the court * * *." (Emphasis added.) It is clear that the words "such property" refer to property in the interpleader's or stakeholder's custody or possession.[5] It is what the person who invokes interpleader asserts is the subject matter of the conflicting claims and which is in his possession that determines what is to be deposited in Court. Here the bank has in its possession the certificates and its claim to relief, whether strict interpleader or in the nature of interpleader, revolves about them. Any claim for damages which plaintiff alleges it may have suffered by reason of defendant's action can of course be adjudicated upon the trial of the action.

■ Finally the plaintiff requests that the Court in lieu of the deposit of the stock order its sale or direct the defendant to consent to a sale, the proceeds to be deposited with the Court. To grant this request, assuming power to do so, would in effect recognize plaintiff's claim to the shares and disregard Gardner, Watson's claim—the very issue to be decided—but not on this motion which as already noted is a preliminary to an application for interpleader relief.

The motion is granted. Settle order on notice.

---

3. Rule 22, Interpleader. "(1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. * * * A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. * * * (2) The remedy herein provided is in addition to and in no way supersedes or limits the remedy provided by Title 28, U.S.C. §§

1335, 1397, and 2361. Actions under those provisions shall be conducted in accordance with these rules."

4. Rule 42(a), Federal Rules of Civil Procedure. Cf. Walmac Co. v. Isaacs, 1 Cir., 220 F.2d 108, 111; John Hancock Mutual Life Ins. Co. v. Kraft, 2 Cir., 200 F.2d 952; Bank of Neosho v. Colcord, D.C. W.D.Mo., 8 F.R.D. 621.

5. Cf. Austin v. Texas-Ohio Gas Co., 5 Cir., 218 F.2d 739, 744.