Albert E. ROBINSON, Plaintiff,

v.

STANLEY HOME PRODUCTS, INC., and William J. Gahm, d/b/a Plura Plastics, Defendants.

Civ. A. No. 91–59.

United States District Court
D. New Jersey.

June 29, 1959.

Charles F. Sheeler, Weehawken, N. J., by Vincent Galvin, Boston, Mass., for plaintiff.

Harkavy & Lieb, Newark, N. J., by Jerome S. Lieb, Newark, N. J., for defendant William J. Gahm, d/b/a Plura Plastics.

WORTENDYKE, District Judge.

Defendant, William J. Gahm, doing business as Plura Plastics (Plura) has moved for an order striking the amended complaint for prolixity and non-conformity with Rule 8(a) (2) and (e) (1), 28 U.S.C., for failure to state a claim against movant upon which relief can be granted, and for lack of jurisdiction over the subject matter; Rule 12(b) (6) and (1).

The first cause of action alleged is grounded upon §§ 13(c) and (f), and 15 of Title 15 of the United States Code Annotated. It is also alleged that there is diversity of citizenship between plaintiff (Robinson), a resident of Massachusetts, and Plura, a resident of New Jersey, but that the co-defendant Stanley Home Products, Inc. (Stanley) is a corporation of Massachusetts.

It is further alleged that Stanley and Plura do business in interstate commerce, and that Robinson had agreed to act as exclusive New England representative, upon a commission basis, for the sale of Plura's products in that territory. Those products included collapsible plastic cups manufactured by Plura in New Jersey and shipped in interstate commerce. Stanley was allegedly one of the customers which Robinson had secured for Plura's products. After the initial order and reorder which Robinson had secured from Stanley, the latter made an offer directly to Plura to purchase large quantities of the cups at a substantially reduced unit price. The complaint charges that this price reduction "could be accomplished only by diverting to Stanley the commission otherwise payable to plaintiff," and that, upon its acceptance of Stanley's offer, "Plura forthwith terminated the plaintiff's services as New England representative."

It is further alleged that the reduced price at which Stanley offered to purchase Plura's products was unreasonably low and not justified by any savings in manufacture, packaging or shipment. Robinson charges that Stanley desired to eliminate his services so that it might purchase at the substantially reduced price, thereby obtaining for itself the amounts of the commissions which would otherwise have been paid to Robinson. The foregoing acts of the defendants are alleged to be violations of subsections (c) and (f) of § 13 of Title 15 of the United States Code Annotated.[1] Subdivision (a) of § 13 of that title provides, in part: "(a) * * * That nothing contained in sections 12, 13, 14–21, and 22–27 of this title shall prevent persons engaged in selling goods, wares, or mer-

---

[1]. The cited subsections provide as follows:

"§ 13. Discrimination in price, services or facilities—Price; selection of customers.

* * * * * *

"(c) It shall be unlawful for any person engaged in commerce, in the course of such commerce, to pay or grant, or to receive or accept, anything of value as a commission, brokerage, or other compensation, or any allowance or discount in lieu thereof, except for services rendered in connection with the sale or purchase of goods, wares, or merchandise, either to the other party to such transaction or to an agent, representative, or other intermediary therein where such intermediary is acting in fact for or in behalf, or is subject to the direct or indirect control, of any party to such transaction other than the person by whom such compensation is so granted or paid.

* * * * * * *

"(f) It shall be unlawful for any person engaged in commerce, in the course of such commerce, knowingly to induce or receive a discrimination in price which is prohibited by this section."

chandise in commerce from selecting their own customers in bona fide transactions and not in restraint of trade * * *."

Incorporating by reference all of the preceding allegations of the amended complaint, Robinson, in paragraph 7, charges Plura with having breached its contract to pay commissions due to Robinson on sales to Stanley, for which he seeks recovery. The next succeeding paragraph, number 8, charges Stanley and Plura with having conspired to deprive Robinson of his rightful commissions as manufacturer's representative for Plura, and to divert those commissions to Stanley. In the concluding paragraph, number 9, the amended complaint charges Stanley with having induced Plura to breach the commission contract with Robinson. Robinson seeks treble damages from both defendants, and demands a jury trial.

Plura's presently pending motion poses the following questions:

(1) Does the amended complaint state a cause of action under 15 U.S.C.A. § 13?

(2) Do the allegations of the amended complaint disclose a cause or causes of action upon which relief can be granted to Robinson against Plura?

(3) Do the allegations of the amended complaint disclose jurisdiction in this Court over the subject matter of the cause or causes of action therein set forth?

It is obvious at the outset that in the last three numbered paragraphs of the amended complaint, summarized above, Robinson has rather inartistically endeavored to allege separate causes of action respectively, viz.:

(1) For damages for Plura's breach of commission contract with the plaintiff;

(2) For damages for the alleged conspiracy between Stanley and Plura to deprive Robinson of his commissions; and

(3) For damages for Stanley's inducement of Plura to breach the latter's commission contract with Robinson. Each of the three foregoing causes of action is expressly asserted "under applicable State law."

■ The jurisdiction of this Court with respect to these three causes of action depends upon a showing of diversity of citizenship *and* the involvement of the statutory minimum monetary amount. 28 U.S.C. § 1332. While Robinson and Plura are citizens of Massachusetts and New Jersey respectively, the co-defendant, Stanley, is a corporation of Massachusetts. Because the plaintiff and one of the defendants are citizens of the same State, a vital element of diversity is lacking. Walmac Co. v. Isaacs, 1 Cir., 1955, 220 F.2d 108. Diversity of citizenship alone, however, without a claim or showing that the minimum requisite monetary amount is involved, would be insufficient to confer jurisdiction. 28 U.S.C. § 1332(a); McCoy v. Siler, 3 Cir., 1953, 205 F.2d 498, certiorari denied 346 U.S. 872, 74 S.Ct. 120, 98 L.Ed. 380. Nowhere in the amended complaint does the amount in controversy appear. There is nothing to show (1) that the amount of the commissions of which Robinson claims to have been deprived, or of the damages which he claims to have suffered by reason of the breach of his commission contract, exceeded or even equalled the sum of $10,000, exclusive of interest and costs. The attempt to incorporate by reference into each of paragraphs numbered 7, 8 and 9 the allegations of the preceding paragraphs of the amended complaint does not aid the plaintiff insofar as the causes of action alleged in the latter three paragraphs are concerned. The motion to strike paragraphs 7, 8 and 9 of the amended complaint, therefore, must prevail.

■ We consider now the sufficiency of the first six paragraphs of the amended complaint, which purport to set forth a cause of action under 15 U.S.C.A. § 15, based upon alleged violations of Section 13 of that Title. In his brief in opposition to the motion, plaintiff contends (1) "That the violation by the said

Gahm consisted of granting to the defendant Stanley a discount in lieu of the payment of a brokerage fee from the said Gahm to Stanley on sales by Gahm to Stanley" and (2) "That Stanley induced and procured a violation of the antitrust laws of the United States, * * * when Stanley induced the said Gahm to grant such discount." Plaintiff argues that section 2(c) of the Clayton Act, as amended, contains an absolute prohibition of allowances or sums in lieu of brokerage from sellers to buyers, and that the same section must be construed independently of section 2(a) thereof. Robinson also urges that a violation of section 2(c) may exist in the absence of price discrimination and without injury to the public interest. The independence of subparagraphs (a) and (c) of section 2 of the Clayton Act, as amended by the Robinson-Patman Act, has long been recognized. Great Atlantic & Pacific Tea Co. v. Federal Trade Commission, 3 Cir., 1939, 106 F.2d 667, at page 677, certiorari denied 1940, 308 U.S. 625, 60 S.Ct. 380, 84 L.Ed. 521. At page 678 of that opinion, the Circuit Court says:

> "The practice of paying brokerage, or sums in lieu of brokerage, to buyers or *their* agents by sellers was found by Congress to be an unfair trade practice resulting in damage to commerce. Paragraph (c) prohibits such practice." (Italics mine.)

See also Quality Bakers of America v. Federal Trade Commission, 1 Cir., 1940, 114 F.2d 393.

The situation confronting me upon the present motion is suggestive of that in Freedman v. Philadelphia Terminals Auction Co., D.C.E.D.Pa.1956, 145 F.Supp. 820. In the case at bar, as in Freedman, the operations of the defendant were unquestionably in interstate commerce. The cases are distinguishable, however, because in Freedman the defendant made a service charge against the plaintiffs for services not rendered, while in the complaint before us, there is no allegation that the defendant made any charge against or induced any pay-

ment from the plaintiff. What does clearly appear from the pleading here attacked is that Plura secured a customer, Stanley, allegedly as a result of the services of Robinson, and thereafter proceeded to deal directly with this customer, to which Plura accorded a price lower than that which Robinson had to quote to Stanley on the same product in order to cover his services.

Any doubt as to the meaning of § 2(c) as applied to the facts disclosed on the present motion, appears to have been dispelled by the Seventh Circuit Court of Appeals, in 1958, in Henry Broch & Co. v. Federal Trade Commission, 261 F.2d 725, at page 728, in the following language:

> "Neither the language of § 2(c) nor its legislative history indicates that a seller's broker is covered by § 2(c). * * * In the case before us, no agent of the buyer is involved. Petitioner is an agent solely of the seller."

The order of the Federal Trade Commission in the Broch case was set aside. The examiner there found that the broker, Broch, in agreeing to reduce his commission, made no payment, either directly or indirectly to the buyer. The opinion concludes, at page 729: "Obviously an important element in the cost of food distribution is the commission paid by sellers to their brokers. *If a seller is to be forbidden to meet competition by reducing an item of its cost of distribution, then to that extent his costs are frozen without regard for the welfare of the public* which must ultimately defray the resultant costs of distribution." (Emphasis added.)

The Broch case was decided upon the evidence before the Commission. The motion before me, on the other hand, is addressed to the amended complaint. Keeping in mind the elementary principle that for the purpose of such a motion, all well-pleaded facts alleged in the complaint must be taken as admitted, our scrutiny of the first six paragraphs of this amended complaint discloses, with respect to §§ 2(c) and 2(f) of the Clay-

**418**

ton Act, as amended, merely the following allegations, all in paragraph 6:

(1) Robinson secured Stanley as a customer for Plura.

(2) After an initial order and reorder by Stanley, Stanley's representatives suggested to Plura that Stanley might be willing to purchase large quantities of its product if Plura reduced its price.

█ (3) Upon the making of this offer by Stanley, Plura terminated Robinson's services as its New England representative, and thereafter accepted Stanley's offer to purchase directly in quantity at a price less by an amount equal to Robinson's commission than that which Robinson had been authorized to quote.

There are two allegations in the amended complaint which are evidently intended to invoke the provisions of § 2(c) and (f), namely, (a) that Stanley knew that the price reduction which it sought from Plura could be accomplished only by diverting Robinson's commission to Stanley, and (b) that Stanley's offer to purchase at such reduced price effected the diversion of Robinson's commission to Stanley. What Stanley may have known or anticipated in offering to purchase large quantities at a reduced price is immaterial to the right of Plura to eliminate the plaintiff as its broker. Stanley's intentions in making the offer to Plura could not limit Plura's freedom to sell to Stanley at a reduced price, even though it might involve the elimination of the seller's broker. Even if the amount of the discount given may have equalled the broker's commission, the seller was free to encourage the purchase of large quantities of his products by the allowance of such a discount. Henry Broch & Co. v. Federal Trade Commission, supra. It is elementary that a seller may select his own customers. United States v. Colgate & Co., 1919, 250 U.S. 300, 39 S.Ct. 465, 63 L.Ed. 992; Brosius v. Pepsi-Cola Co., 3 Cir., 1946, 155 F.2d 99.

The substance of paragraph 6 of the amended complaint is the charge that the defendants Plura and Stanley worked out an arrangement between themselves which enabled Plura to dispense with Robinson's services and avoid the payment to him of commissions as an element of selling cost. Such a charge, if true, is not equivalent to a cause of action under the Act relied upon. Chicago Sugar Co. v. American Sugar Refining Co., 7 Cir., 1949, 176 F.2d 1, certiorari denied 338 U.S. 948, 70 S.Ct. 486, 94 L. Ed. 584.

I conclude that the plaintiff has failed to plead a violation of §§ 2(c) and 2(f) of the Clayton Act, as amended by the Robinson-Patman Act. No cause of action within this Court's jurisdiction is discerned in the remaining allegations. Therefore, the motion to strike the amended complaint in toto must prevail.

An order may be submitted in conformity with the views herein expressed.