**LODGE ON THE GREEN ASSOCIATES,**

v.

**COMFED SAVINGS BANK.**

Civ. A. No. 88–0335–N.

United States District Court, D. Massachusetts.

June 23, 1988.

Michael L. Altman, David J. Fine, Silverglate, Gertner, Fine, Good & Mizner, Boston, Mass., for Lodge on the Green Associates.

**4**

Bernard Dwork, Roger Manwaring, Barron & Stadfeld, Boston, Mass., for Comfed Sav. Bank.

## ORDER

DAVID S. NELSON, District Judge.

Magistrate's Report and Recommendations are hereby endorsed and ordered:

Motion to Dismiss is *Denied.*

REPORT AND RECOMMENDATION ON MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY PURSUANT TO F.R.CIV.P. 12(b)(7) AND 19(a–b) OF DEFENDANT COMFED SAVINGS BANK (# 3–D, filed 3/16/88)

ROBERT B. COLLINGS, United States Magistrate.

Plaintiff Lodge On The Green Associates ("the Lodge") is a New York Limited Partnership; the defendant Comfed Savings Bank ("Comfed") has a principal place of business in Lowell, Massachusetts. The Lodge seeks funds which Comfed holds in escrow. National Hospitality Corporation (NHC), a New York corporation, who is not presently a party to this action, also makes claims to the funds held in escrow. The issue raised by the motion is whether the defendant can bring NHC, a New York corporation, into this litigation by defensive interpleader pursuant to Rule 22(1), F.R. Civ.P., without divesting this Court of subject matter jurisdiction which rests on diversity of citizenship between the Lodge and Comfed. Put another way, the question is whether Comfed can bring a counterclaim in interpleader pursuant to Rule 22(1), F.R.Civ.P., against the Lodge and NHC, thereby bringing NHC into this litigation as a defendant to the counterclaim in interpleader, without destroying the Court's diversity jurisdiction. If NHC can be brought into the litigation in this manner without destroying the Court's diversity jurisdiction, the motion to dismiss for failure to join an indispensable party must be denied.

In my opinion, the Court's diversity jurisdiction would not be destroyed if NHC were brought in by Comfed by means of a counterclaim filed pursuant to Rule 22(1),

F.R.Civ.P. Since Comfed thus has the ability to bring in NHC to this litigation, I RECOMMEND that the Motion To Dismiss For Failure To Join An Indispensable Party Pursuant To F.R.Civ.P. 12(b)(7) and 19(a–b) Of Defendant Comfed Savings Bank (# 3–D) be DENIED.

There is diversity between the Lodge (New York) and Comfed (Massachusetts)—that is, between the plaintiff-claimant and the defendant-stakeholder. If NHC (New York) were added, it would be as an additional claimant; however, there would still be complete diversity between the stakeholder (Massachusetts) and both claimants (New York), since neither claimant is a citizen of Massachusetts. This is sufficient for diversity jurisdiction under Rule 22(1), F.R.Civ.P. *Harris v. Travelers Insurance Company,* 40 F.Supp. 154, 156 (E.D.Pa., 1941); *Eikel v. States Marine Lines, Inc.,* 473 F.2d 959, 964 (footnote 5) (5 Cir., 1973); *Kelly v. Commercial Union Insurance Company,* 709 F.2d 973, 978–79 (footnote 6) (5 Cir., 1983).

Comfed claims that it is owed a certain amount from the funds in escrow for expenses and attorney's fees. Accordingly, Comfed may be more than a mere stakeholder. However, even if Comfed is deemed to be more than a mere stakeholder, the Court would have jurisdiction to hear Comfed's counterclaim against the Lodge and NHC pursuant to the ancillary jurisdiction of the Court. *Harris v. Travelers Insurance Company, supra,* 40 F.Supp. at 156; *Walmac Company v. Isaacs,* 220 F.2d 108, 113–14 (1 Cir., 1955); *Ciechanowicz v. Bowery Savings Bank,* 19 F.R.D. 367, 368 (S.D.N.Y., 1956); *Bauer v. Uniroyal Tire Co.,* 630 F.2d 1287, 1290 (footnote 2) (8 Cir., 1980).

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifi-

cally identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. *See Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *United States v. Vega*, 678 F.2d 376, 378–79 (1 Cir., 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983). *See also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

May 25, 1988.