UNITED STATES of America, Plaintiff,

v.

CONTENTS OF ACCOUNT NUMBER 2033301 IN the NAME OF LUIS FREIXAS, LOCATED AT CITIBANK INTERNATIONAL, MIAMI, FLORIDA, Defendant-in-rem.

No. 93 Civ. 0937 (RWS).

United States District Court,
S.D. New York.

Sept. 20, 1993.

Roger S. Hayes, U.S. Atty. for the S.D.N.Y., New York City, for plaintiff; Donald E. Clark, Asst. U.S. Atty., of counsel.

Mershon, Sawyer, Johnson, Dunwody & Cole, Miami, FL, for defendant-in-rem; Eric D. Isicoff, of counsel.

### OPINION

SWEET, District Judge.

Claimant Luis Freixas ("Freixas"), owner of the contents of account number 2033301 (the "Defendant-in-rem" or the "Miami Account"), has moved pursuant to rule 12(b), Fed.R.Civ.P. to dismiss the verified complaint ("Complaint") filed against the Account by the United States for lack of *in rem* jurisdiction, or, in the alternative, pursuant to 28 U.S.C. § 1404, transfer the action to the United States District Court for the Southern District of Florida. For the reasons set forth below, Freixas' motion is denied.

### Background

On February 10, 1993, the Government filed the Complaint seeking civil forfeiture of the Account pursuant to 18 U.S.C. § 981(a). According to the Complaint, in late 1990 and 1991, $260,000 in cash was deposited into two accounts at BPD International Bank (formerly the Dominican Bank) in New York City, and then, in late 1990 and 1991, transferred by check and wire transfer to the Miami Account. The transactions allegedly were structured in such a way as to avoid the reporting requirements of federal law for cash transfers over $10,000.

On June 18, 1992, the Honorable Linnea R. Johnson, United States Magistrate Judge for the Southern District of Florida, issued a seizure warrant for the Defendant-in-rem Account Number 2033301 in the name of Luis Freixas, in the amount of $16,911.52, located at Citibank International Bank in Miami, Florida. On June 23, 1992, the Internal Revenue Service ("IRS") seized the Account under the warrant pursuant to 18 U.S.C. § 981, based on its alleged involvement in or traceability to a violation of one of the federal anti-structuring statutes, 31 U.S.C. § 5324. Freixas, however, is not a defendant in the related criminal proceeding.

On April 15, 1993, Freixas filed a verified claim with respect to the contents of the Miami Account and filed a motion to dismiss the complaint, or, in the alternative, to transfer the action to the Southern District of Florida.

### Discussion

"A civil proceeding for the forfeiture of property may be prosecuted in any district where such property is found." 28 U.S.C. § 1395(b). Previously, forfeiture cases turned upon the notion that venue for a civil forfeiture proceeding was only proper in the District in which the property was *found.* See e.g. *U.S. v. U.S. Currency in the Amount of Twenty Three Thousand Four Hundred Eighty One Dollars, ($23,481), More or Less,* 740 F.Supp. 950, 953 (E.D.N.Y.1990) ("Since the currency was 'found' in this district the only district where venue is proper in this civil *in rem* forfeiture action against the United States currency is the Eastern District of New York.") (citations omitted); *U.S.*

*v. Contents of Accounts Nos. 3034504504 and 144–07143 at Merrill, Lynch, Pierce, Fenner & Smith Inc.,* 971 F.2d 974, 983 (3d Cir. 1992), *cert. denied sub nom. Friko Corp. v. United States,* —— U.S. ——, 113 S.Ct. 1580, 123 L.Ed.2d 148 (1993) ("We realize that our result requires the government to file a second civil forfeiture action in the district court where the *res* is found if it wishes to affect any rights person who are not subject to the territorial jurisdiction of the district court in which the related criminal prosecution is pending may have in a related *res.*"); *U.S. v. $358,613.00, U.S. Currency,* 703 F.Supp. 452, 453 (W.D.N.C.1989) (granting transfer "the Government notes that it is at least arguable that Section 1395(b) of Title 28, Untied States Code, requires forfeiture actions to be prosecuted in the district where the property is first found or seized."); *U.S. v. One 1974 Cessna Model 310R Aircraft,* 432 F.Supp. 364, 369 (D.C.S.C.1977) ("Therefore, having found that the provisions of 28 U.S.C. § 1395(b) are applicable in the case and that 21 U.S.C. § 881(b) does not grant the Attorney General the power to affect jurisdiction or venue by transporting seized property …")

Apparently in reaction to government officials' oft frustrated attempts to seize property outside of the jurisdictions in which the property was found, Congress amended Title 28 U.S.C. § 1355 in the "Money Laundering Enforcement Improvements" Acts of 1992, P.L. 102–550, 106 Stat. 4062. Title XV, subtitle C, amended 28 U.S.C. § 1355 to broaden the jurisdictional basis for civil forfeiture proceedings:

(b)(1) A forfeiture action or proceeding may be brought in—

(A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or

(B) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute.

\* \* \* \* \* \*

(d) Any court with jurisdiction over a forfeiture action pursuant to subsection (b) may issue and cause to be served in any other district such process as may be re-quired to being before the court the property that is the subject of the forfeiture action.

28 U.S.C. § 1355(b, d).

New York Senator Alfonse D'Amato, the amendment's original sponsor, asked that an analysis of the amendment be submitted into the Congressional Record. The analysis states:

This provision, styled as an amendment to 28 U.S.C. § 1355, resolves these issues for all forfeiture actions brought by the government.

Subsection (b)(1) sets forth as a general rule that jurisdiction for an In Rem action lies in the district in which the acts giving rise to the forfeiture were committed. This would be a great improvement over current law which requires the government to file separate forfeiture actions in each district in which the subject property is found, even if all of the property represents the proceeds of criminal activity committed in the same place. (For example, if a Miami-based drug dealer launders his money by placing it in bank accounts in six states, the government would have to institute six separate forfeiture actions under § 981 to recover the money.)

Under the early In Rem cases, jurisdiction was proper only in the district where the property was "located."

\* \* \* \* \* \*

Subsection (b)(1) resolves these issues by providing that the court in the district where the acts giving rise to the forfeiture occurred has jurisdiction over the forfeiture action.

137 Cong.Rec. S16640. \*S16642 (Nov. 13, 1991) (statement of Sen. D'Amato).

Freixas concedes that a New York court has jurisdiction over the Miami Account, but contends that this Court does not have proper venue based on *United States v. Contents of Accounts 3034504504 and 144–07143 at Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 971 F.2d 974 (3d Cir.1992), *cert. denied sub nom. Friko Corp. v. United States,* —— U.S. ——, 113 S.Ct. 1580, 123 L.Ed.2d 148 (1993) ("*Merrill Lynch*"). In *Merrill Lynch,*

the Third Circuit held a court will have jurisdiction only if a federal statute authorizes service of process if the forfeiture property is located outside a jurisdiction in which criminal proceedings are pending:

> We realize that our result requires the government to file a second civil forfeiture action in the district court where the *res* is found if it wishes to affect any rights persons who are not subject to the territorial jurisdiction of the district court in which the related criminal prosecution is pending may have in a related *res*.

*Merrill Lynch*, 971 F.2d at 983.[1] *Merrill Lynch* was handed down in March 1992. However, Congress enacted the changes to 28 U.S.C. § 1355 on October 28, 1992, several months after the *Merrill Lynch* ruling.

Under the combined (b) and (d) amendments, a civil forfeiture action now may be brought in the district where the underlying criminal activity occurred. Further, the court may issue service of process to obtain physical control over the property—regardless of the district where the property is located—in order to exercise its *in rem* jurisdiction. However, a close statutory reading reveals that the amendments somewhat inconsistently grant jurisdiction, but not venue, to a district court in civil forfeiture actions.

In its memorandum, the Government acknowledges the amended statute's jurisdiction/venue inconsistency: "[a]lthough Section 1355 does not expressly discuss venue, which in an *in rem* action relates primarily to the *location* of the property, **its clear import** is that an action may be brought in the district where the underlying criminal activity occurred even if the property is not in that district because the Court can now reach the property through Section 1355(d)." Pl.Mem. of Law at 6, n. 2 (emphasis added). The review of the legislative history, such that it is, substantiates the Government's argument that Congress intended to extend venue, as well as jurisdiction, in its Section 1355 amendments beyond the jurisdiction in which the property was "found."

■ Here, the Government alleges that the activity giving rise to forfeiture—the structuring of cash deposits into the two BPD accounts and the transfer to the Account—occurred in New York. Under 28 U.S.C. § 1355, as amended, the New York Court has both subject matter and *in rem* jurisdiction over the Miami Account. With respect to venue, it must be concluded that the action against the contents of the Account are properly brought in the Southern District.

■ Freixas has not set before this Court any compelling reasons for transferring this action to the Southern District of Florida for the convenience of the parties under § 1404. The account is only one of several accounts across the country which have been seized due to transfers made in New York. It is preferable for the Government to prosecute this action in a single judicial forum, and Freixas has not described any circumstances which would render it inconvenient for him to defend his claim in New York. Accordingly, his motion to transfer is denied.

### Conclusion

For the reasons stated above, Freixas' motion to dismiss, or, in the alternative, transfer to the Southern District of Florida is hereby denied.

It is so ordered.

---

1. The Court also held that the venue provisions of 18 U.S.C. § 981 provides venue to determine the rights of the res in a district court only in the event a related criminal, not civil, action exists. *Id.*

 Section 981(h) reads:
 In addition to the venue provided for in section 1395 of Title 28 or any other provision of law, in the case of property of a defendant charged with a violation that is the basis for forfeiture of the property under this section, a proceeding for forfeiture under this section may be brought in the judicial district in which the defendant owning such property is found or in the judicial district in which the criminal prosecution is brought.